WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—April, July, 1887.

KOWING *v.* MORAN.

*In the matter of the disposition of the real property of* NICHOLAS G. VERPLANCK *deceased, for the payment of his debts.*

Where the committee of the property of a lunatic employs an attorney to perform professional services in a matter pertaining to his trust, the remedy of the latter, for his compensation, is against the committee, personally, and not against the fund which he represents.

An order of the Supreme court, confirming the report of a referee appointed to take and state the account of the committee of the property of a lunatic, after the death of the latter, and fixing the amount of such committee's claim, which it adjudges to be a "legal debt, claim and lien, in favor of the committee, against the estate of the lunatic, and against his legal representatives, in the same manner as if it had been a debt contracted by the lunatic in his lifetime," is conclusive upon a Surrogate's court, as to the character of the committee's claim as a debt of such decedent, in a special proceeding instituted to procure the disposition of his real property for the payment of his debts.

A Surrogate's court has authority, under Code Civ. Pro., § 2481, subd. 11, where a special proceeding has been instituted for the disposition of the real property, late of a decedent, for the payment of his debts, to order a discontinuance thereof, at the instance of the owner, upon payment, by the latter, of the claims established and the costs incurred.

IN March, 1871, Odle Close was duly appointed committee of the person and estate of Nicholas G. Verplanck, a lunatic, who, with his sister Cornelia J., afterwards the wife of Francis Kowing, owned real

estate as tenants in common, of the estimated value of from $80,000 to $100,000. The committee, by leave of the court, soon after his appointment, commenced an action for partition of the real estate, in which action William H. Robertson was his attorney. The action proceeded, as is alleged, to judgment, in which the costs and allowances were fixed at $750. The judgment was never executed. The lunatic died in 1883, without issue or widow. Cornelia J. Kowing died intestate and without issue, in September, 1885, and her husband was appointed her administrator.

In November of the same year, the committee rendered his accounts, and the referee, appointed to take and state the same, reported that there was due to him the sum of $1,509.50, which included the sum of $750, being the costs and allowances in the action for partition. The court confirmed the report, and added to the amount found due to the committee the sum of $150 for the costs and disbursements of the accounting, making, in all, $1,659.50, which it " adjudged to be a legal debt, claim and lien, to all intents and purposes, in favor of said Odle Close against the estate of the said Nicholas G. Verplanck, and against his legal representatives, in the same manner as if it had been a debt contracted by said Nicholas G. Verplanck, in his life time," and it was ordered that $250 be paid out of said estate to George Bell, Esq.; attorney for the administrator of Mrs. Kowing, deceased, for his disbursements and services on the accounting. James H. Moran, a creditor of Nicholas G. Verplanck, deceased, was, in 1886, appointed administrator of his estate.

He now made application to mortgage, lease or sell his real estate for the payment of his debts.

M. M. SILLIMAN, *for administrator.*

ODLE CLOSE, *creditor in person.*

WM. H. ROBERTSON, *creditor in person.*

GEORGE BELL, *for Francis Kowing, administrator.*

THE SURROGATE.—On the hearing in this matter, in regard to the claims presented, it was objected on behalf of the administrator of the estate of Cornelia J. Kowing, deceased, that none of the claims, excepting that of the administrator of the estate of N. G. Verplanck, are chargeable against him, because they had their origin at a period when he was, by reason of having been judicially declared a lunatic, incapable of creating a liability of any kind. Whatever force there might otherwise be, to such an objection, is set at rest by the order of the Supreme court adjudging them to be a charge against his estate, to the same extent as if contracted by him. His committee stood in his stead, and was his agent, in law. Hence, the claims of Mr. Bell must be allowed.

The claim of Judge Robertson stands upon a different footing. It appears to be for services performed in the action for partition, instituted by the committee, as such. The petitioner states, in his petition, that the amount of the claim is $500, while in the proof it is put at $1,000, and is stated to be for services in the partition suit of Nicholas G. Verplanck against Cornelia J. Verplanck. Doubtless, it is intended as a charge in the action brought by the committee. Assuming that to be so, there was allowed,

in that action, the sum of $750 for costs and allowances, as appears by the report of the referee who took and stated the account of the committee, and it is embraced in the amount found due to him. The judgment in the action for partition is not before me as evidence, but the report of the referee aforesaid, and the order confirming the same, are. Of course, this court can make no allowance, as costs, for services rendered in that action ; and if it could, it has no power to establish it as a debt against the deceased lunatic. If Judge Robertson is not sufficiently compensated by the $750 allowed as costs in that case, his remedy is against the committee who employed him. This is understood, now, to be the settled rule in such cases. If an executor, a guardian, a trustee, or other person acting in a fiduciary capacity, employ an attorney, or other person, in any matter pertaining to his trust, the remedy of the person so acting is against the employer, and not against the fund he represents. This claim is, therefore, disallowed.

The claim of Mr. Moran, having been sufficiently proven, is allowed.

Decree accordingly.

---

IN this matter, proceedings were had up to a decree of sale, when Edwin W. Kowing, then owner of the premises decreed to be sold for the payment of the debts established, presented, in July, 1887, an application by his attorney, in which it was stated that he was ready to pay said debts and interest, and had so informed James H. Moran, the administrator of

the estate of said Nicholas G. Verplanck, deceased, and asked that all further proceedings in said matter be stayed on paying the same, and the costs and expenses of this proceeding.

GEORGE BELL, *for the motion.*

JAMES H. MORAN, *adm'r, in person, opposed.*

THE SURROGATE.—A question as to the power of this court to grant this application is raised. Of course, the only object of the sale is to procure money with which to pay the debts of the deceased. If they can be paid otherwise, that object will no longer exist. If the present owner is willing to pay them, and thus save his property from the incidents and hazards of a sale, no good reason is apparent why he should not be permitted to do so. No one can suffer any injury thereby. The only question is as to the authority of this court in the premises. No provision, directly conferring it, is found in the 5th title of chapter 18 of the Code ; but it would be strange indeed, that none should exist, in a case so plainly calling for action.

The sale of real estate of deceased persons for the payment of their debts is expressly a subject of which it has cognizance, and subd. 11 of § 2481 authorizes it to proceed, in any matter not expressly provided for in that section, according to the course and practice of a court, having, by the common law, jurisdiction of such matters ; and to exercise such incidental powers as are necessary to carry into effect the powers expressly conferred. Before that section was adopted, it was well settled, that when a proper occasion arises to invoke the incidental powers of the

court, the Surrogate should not decline the exercise of the power merely because the statutes are silent on the subject.    Here is found ample authority to warrant the making of the desired order.

Let an order be entered staying all further proceedings in this matter, on payment of the claims established, with interest to the date of payment, and the expenses, costs and allowances of the proceeding, to be adjusted on notice.