TUCKER *v.* GRACE.

Opinion delivered December 21, 1895.

ADMINISTRATION—CLAIM AGAINST ESTATE—ATTORNEY'S FEE.—An attorney employed by an administrator of an estate has no claim against the estate, although his services may have inured to its benefit.    He must look for compensation to the administrator who employed him.

SAME—LIABILITY OF ADMINISTRATOR FOR ATTORNEY'S FEE.—An agreement that an administrator was not to pay anything out of his own pocket for services rendered by attorneys in the prosecution of an action in behalf of the estate, but that they were to get their fee out of the amount recovered, does not relieve the administrator from personal liability in the event of recovery, but merely protects him against liability for any amount beyond the recovery.

SAME—COMPENSATION OF ATTORNEY.—The fee for which an administrator is personally liable for an attorney's services in the successful prosecution of an action for the negligent killing of his

intestate is not controlled by Sand. & H. Dig., sec. 217, fixing the compensation of an attorney employed by the administrator under direction of the probate court.

ADMINISTRATOR—LIABILITY FOR ATTORNEY'S FEE.—It is no defense to an action against an administrator for attorney's fees for prosecuting an action for the benefit of the estate that the administrator was not authorized by the probate court to bring such action, the statute (Sand & H. Dig., sec. 219), which provides that "no attorney's fee shall be allowed any executor or administrator unless for the prosecuting or defending a suit under the direction of the court," being intended for the protection of the estate.

Appeal from Jefferson Circuit Court.

JOHN M. ELLIOTT, Judge.

STATEMENT BY THE COURT.

John W. Tucker, administrator of the estate of S. D. Morrow, employed W. P. & A. B. Grace, attorneys at law, to commence and prosecute an action for damages against a railway company for causing the death of said Morrow. The result of the action thus brought was a judgment against the railway company for the sum of twenty-five hundred dollars. The company paid the amount of the judgment to Tucker, and this action was afterwards brought by said attorneys to recover of Tucker five hundred dollars as a fee for their services in the action against the railway company. There was a verdict and judgment in favor of the plaintiffs for the sum of three hundred and ninety-five dollars. A motion for new trial was filed, overruled, and appeal taken.

*Bridges & Wooldridge*, for appellant.

1. There was no allegation in the complaint that the services were rendered under an order of the probate court. Without such order plaintiffs could not sue defendant as administrator. 30 Ark. 322; Sand. &. H. Dig. sec. 219.

2. If defendant was liable at all, it was only for the fees fixed by statute. Sand. & H. Dig. sec. 217.

3. Under the proof appellant was not *individually* liable.

4. Plaintiffs should have presented their claim to the probate court. 34 Ark. 204.

*Austin & Taylor*, for appellee.

1. The suit was properly brought in the circuit court to settle the disputed claim. 1 Woerner, Am. Law of Adm. p. 346-7-8.

2. The personal liability of appellant is well settled. 2 *id.* p. 576 ; 34 Ark. 204 ; 39 *id.* 257 ; 40 *id.* 187 ; 48 *id.* 390 ; 56 *id.* 161.

Power of administrator to bind estate by contract.

RIDDICK, J., (after stating the facts). It is contended by the appellant that he is not personally liable upon his contract employing appellees to prosecute the action against the railway company. But an administrator has no power to enlarge, by his contract, the liability of the estate that he represents. Whether he contracts as an administrator or not, it is his own undertaking, and not that of the decedent, and he incurs a personal liability. An attorney employed by the administrator of an estate has no claim against the estate, although his services may have inured to the benefit of the estate. He must look for compensation to the administrator who employed him. *Underwood* v. *Milligan*, 10 Ark. 254 ; *Bomford* v. *Grimes*, 17 Ark. 567 ; *Yarborough* v. *Ward*, 34 Ark. 208 ; *Devane* v. *Royal*, 7 Jones, L. (N. C.), 426 ; *Bowman* v. *Tallman*, 2 Robertson (N. Y.), 385 ; *Estate of Page*, 57 Cal. 238 ; Schouler, Ex'ors & Adm'rs. sec. 256 ; 2 Woerner, Administration, p. 756. It follows that the proper practice, when the administrator refuses to pay for such services, is for the attorney to bring suit against him individually, and not in his representative capacity.

Liability of administrator for attorney's fee.

This is conceded by appellant to be correct, as a general rule, but it is argued that in this case there

was an agreement that the appellant should not be personally liable, except for costs. The testimony on this point, to quote the language of one of the appellees, who testified as a witness, is as follows: "He was not to pay us anything out of his own pocket. We were to have our fee out of what we recovered." We do not understand from this testimony that appellant was in no event to be liable. On the contrary, it seems plain that the intention was that he should not be liable beyond the amount recovered in the action against the railway company. Had nothing been recovered, he would have been liable in no amount; but, as he recovered twenty-five hundred dollars, he becomes liable for a reasonable fee. For such reasonable expenses necessarily incurred by the administrator in the discharge of his duties, he has, in common with other trustees, a lien on the assets in his hands, and, upon a proper showing, will be allowed credit therefor in the settlement of his account with the estate. When the appellant has paid the fee due appellees, he will be entitled to a credit therefor in his settlement as administrator, and the result will be, as stipulated in his contract, that he has "paid nothing out of his own pocket."

Neither do we think that the amount of the fee in this case is controlled by section 217 of Sand. & H. Digest.[1] That section, as was said in *Turner* v. *Tapscott,* 30 Ark. 320, has reference mainly to the collection of debts due estates, and fixes the compensation to be

*As to amount of attorney's compensation.*

---

1 Sec. 217, Sand. & H. Dig. provides: "When it shall become necessary, in the opinion of the court, for any executor or administrator to employ an attorney to prosecute any suit brought by or against such executor or administrator, the attorney so employed shall receive, as a compensation for his services, eight per centum on all sums less than three hundred dollars, and on all sums over three hundred and less than eight hundred dollars, four per centum, and on all sums over eight hundred, two and a half per centum."

allowed attorneys for such suits, but does not apply in a case such as we have here.

<span style="float:left">Personal liability of administrator employing attorney.</span> Nor does it avail the appellant anything in this action that he failed to obtain the order of the probate court before employing an attorney. Even without such an order it would still be within the discretion of the court to allow the administrator credit for fees paid an attorney for the prosecution of a suit which resulted to the benefit of the estate. *Reynolds* v. *Canal & Banking Co.*, 30 Ark. 520. But that question is not before us; for whether the administrator is entitled to a credit for the fee which he has paid an attorney is a different question from the one as to whether he is personally liable to the attorney whom he employs. The statute referred to (sec. 219, Sand. & H. Dig.[2]) was intended to protect estates, not administrators, and, as this is an action against Tucker individually, and not against him as representative of the estate of Morrow, it has no application.

The verdict of the jury has evidence to support it. Finding no error, the judgment of the circuit court is affirmed.

---

2 Sec. 219, Sand. & H. Dig. provides: "Such attorney's fees shall be paid as expenses of administration; but no attorney's fees shall be allowed any executor or administrator unless for the prosecuting or defending a suit under the direction of the court."