## PIKE v. THOMAS.

### Opinion delivered March 28, 1896.

ADMINISTRATOR—POWER TO BIND ESTATE.—An administrator has no power to bind the estate he represents by his individual contracts.

PROBATE COURT—JURISDICTION.—The probate court has no jurisdiction of a claim against an estate for services rendered by an attorney employed by an administrator to prosecute a suit on behalf of the estate.

Appeal from Clark Circuit Court.

RUFUS D. HEARN, Judge.

### STATEMENT BY THE COURT.

Luther H. Pike filed his petition in the probate court of Clark county, setting up the following contract: "Whereas, I, Charles L. Thomas, as administrator of the estates, respectively, of Louis Thomas, deceased, and H. H. Carter, deceased, of Arkadelphia, in the county of Clark, in the State of Arkansas, have employed Luther H. Pike, attorney and counselor, of Washington, D. C., to take charge of and prosecute to

its final determination, in such lawful manner as he may deem best for my interests, the certain claims against the United States for $2,625 and $866.50, respectively, that were presented to the commissioners of claims, under the act of congress of March 3, 1871,—the one on behalf of the estate of said Louis Thomas, the other by said H. H. Carter,—and were disallowed by it; said attorney to defray the further prosecution of said claims out of his own proper means, without reclamation therefor. Now, therefore, I do hereby agree, in consideration thereof, to pay to him a sum of money equal to 50 per centum of the amounts that may be recovered on said claims, the payment of which is hereby made a lien upon the said claims and upon any drafts, money, or evidence of indebtedness which may be paid or issued thereon. In witness whereof I have hereunto set my hand and seal this 28th day of July, A. D., 1896. Charles L. Thomas (Seal). Witnesses : J. P. Hart. A. M. Crow." And he alleged that under said contract he had obtained judgment for thirteen hundred and thirty-eight dollars, which had been paid in full to C. L. Thomas, as administrator of Louis Thomas, deceased, and that under said contract he (Pike) was entitled to the sum of six hundred and sixty-nine dollars, which said administrator had refused to pay. The petition asked for an order upon the administrator to pay over to petitioner said sum. To the petition was attached an account, duly verified.

Upon a hearing, the court adjudged that petitioner was only entitled to the sum of fifty-seven and 45-100 dollars. Pike appealed to the circuit court where judgment was again rendered in his favor for same amount, and for the further sum of sixty-nine and 90-100 dollars for expenses incurred by him in prosecuting the claim. Pike, being still dissatisfied with the judgment, prosecutes this appeal.

*Dodge & Johnson*, for appellant.

1. The judgment in this case is contrary to law, justice, and fair dealing. The contract was not disputed, nor denied; was made in Washington City, to be executed in Washington City, and the work was done there. Plaintiff was entitled to his fee after the work was performed, and it should have been paid out of the fruits of his efforts. An attorney has a lien on the fund recovered for his fee, costs and advances. 15 How. 415; 13 Ark. 193; 23 *id.* 118; 8 Fla. 183; 62 Me. 286; 12 Conn. 444; 14 Vt. 243; 18 *id.* 616; 1 Cowen, 172; 52 N. Y. 489. Being a lien, the probate court had jurisdiction. The statute of this state does not apply to this. It was a District of Columbia contract, and was not a *debt* due by the United States, as the United States incurred no liability for property taken in the states in rebellion. The claimant had merely the right of petition to congress. 18 Wall. 151; 4 Dall. 37; 18 How. 110; 2 Wall. 258, 404; 5 *id.* 38; 92 U. S. 187; 11 Wall. 268. The laws of Arkansas countenance an attorney's contract for a contingent fee, and it is valid in the District of Columbia. 91 U. S. 252; 93 *id.* 548; 96 *id.* 404; 110 *id.* 42; *ib.* 305; 127 *id.* 235. The probate court is authorized to allow a claim for fees as a part of the *necessary expenses* of administration, whether a previous order authorizing the administrator to employ counsel was made or not. 30 Ark. 320. The contract was of necessity a District of Columbia contract, valid there, and hence valid everywhere. 30 Ark. 520; 38 *id.* 139. Sec. 203, Mansf. Dig., is restricted to percentage for professional services, *strictissimi juris*, and not including compensation for money expended as a loan to the estate to save it from irreparable loss. See U. S. Rev. Stat., sec. 823; 6 Fla. 257; 8 *id.* 183.

2. Thomas, as administrator, and the creditors of Thomas' estate, are estopped, not only in pais, but by

record, from denying the lien of appellant upon the money paid under the judgment recovered by him. 38 Ark. 139; 4 Pa. St. 150, *et seq.*; 6 Fla. 257; 110 U. S. 42; U. S. Rev. Stat., 823; 823; 9 How. Pr. 16; 1 E. D. Smith, 598; 18 Ct. Ct. App. 368; 24 How. Pr. 409; 38 Ala. 532; 10 Wall 483.

Power of administrator to bind estate.

WOOD, J., (after stating the facts). This court has repeatedly held that an administrator has no power to bind the estate he represents by his individual contracts. The last announcement upon the subject was in an opinion delivered by Judge Riddick, at the present term, in *Tucker* v. *Grace*, 61 Ark. 410, where he said: "An attorney employed by the administrator of an estate has no claim against the estate, although his services may have inured to the benefit of the estate. He must look for compensation to the administrator who employed him." It was there also said to be the "proper practice, where the administrator refuses to pay for such services, for the attorney to bring suit against him individually, and not in his representative capacity." *Tucker* v. *Grace*, 61 Ark. 410, and authorities there cited.

Jurisdiction of the probate court.

In *Turner* v. *Tapscott*, 30 Ark. 312, the learned judge, in drawing the distinction "between contracts for services which should be charged against an estate as costs of administration and such as render the administrator liable," held that the fees of an attorney who, under contract with the administrator, rendered services beneficial to the estate, were a proper charge against the estate; for, said Judge Walker, "if fees, under such circumstances, are to be held as a personal charge upon the administrator, no counsel would be employed, and the estate would be wasted." In *Yarborough* v. *Ward*, 34 Ark. 208, Judge Eakin commenting upon the language of the judge in *Turner* v. *Tapscott*, *supra*, said: "The court sanctions by implication the practice of

presenting the claim to the probate court, not for allowance and classification, but for the purpose of obtaining an order on the administrator to pay the same as expenses of administration, leaving only the surplus of assets to go to the claims properly allowed against the estate." Continuing, says Judge Eakin: "It is certainly the duty of the administrator to pay such claims, and, if he does so, he will be allowed a credit on settlement. Should he refuse, it is certainly within the scope of the general powers of the probate court, in its control over the conduct of the administrator, to order him to do so upon proper application in the case, and to enforce its order. The remedy of the party may in this case, as in many others, be cumulative." It was unnecessary in either of the above cases for the court to approve, either expressly or by implication, the practice for creditors of the administrator to come into the probate court to establish their claims against him. The point was not before the court in either case. We cannot agree with the learned judge that the rule as above announced in *Yarborough* v. *Ward* is a wholesome one. Whatever merit of expedience or convenience such a practice may seem to possess, it is not sanctioned by the weight of authority, and confers a jurisdiction not given by our constitution or statutes. If the administrator is individually liable, the only authorized procedure is for those who have contracted with him to go into the proper forum at law or equity, as the nature of their claim and the remedies to be applied may suggest, and there have the amount of his liability determined. We are not called upon to determine into which court appellant should have gone to have his claim adjudicated. The following authorities, however, may afford some useful suggestions on that subject: *Ferrin* v. *Myrick*, 41 N. Y. 315; 2 *Woerner*, sec. 758; *Clapp* v. *Clapp*, 44 Hun, 451. But the probate court has no power to render

and enforce a judgment against the administrator for an individual liability.

Mr. Woerner says: "Although it may be the duty of the court, in passing upon the administration account, to determine the reasonableness of payments for such services, and allow or reject the credits taken therefor, it has not the power, unless expressly granted by statute, to adjudicate upon the claims of such persons against the administrator. Their remedy, if he refuse to pay, is in another court." 1 Woerner, Adm'n, sec. 152; 2 *id.* sec. 356. Also the following: *Ferrin* v. *Myrick*, 41 N. Y. 315, and authorities cited; Rice, American Probate Law, 442; *Kowing* v. *Moran*, 5 Dem. Sur. 59.

So much of the opinions in *Turner* v. *Tapscott* and *Yarborough* v. *Ward*, *supra*, susceptible of being construed as approving any other rule, is overruled.

It follows that the circuit court had no jurisdiction to render the judgment in this case, and the same is therefor reversed, and the cause is remanded without prejudice.