(112 N. W. 995.)

---

A. BESANCON v. N. C. WEGNER, ADMINISTRATOR OF THE ESTATE OF HENRY G. KALBFLEISCH, DECEASED.

Opinion filed July 18, 1907.

**Executors and Administrators — Estate Not Primarily Liable for Their Attorney's Fees.**

The estate of a decedent is not primarily liable for legal services rendered for the benefit of such estate at the request of the personal representative. Such services are performed for and on behalf of the executor or administrator, who is personally liable for the payment thereof, and for all such reasonable expenditures he is entitled to reimbursement from the estate.

Appeal from District Court, Bottineau county; *Burke, J.*

Action by A. Besancon against N. C. Wegner, as administrator of the estate of Henry G. Kalbfleisch. From a judgment in plaintiff's favor, defendant appeals.

Reversed, with directions to dismiss the action.

*N. C. Wegner,* for appellant.
*A. Besancon,* pro se.

FISK, J. Plaintiff by this action seeks to hold the defendant liable for the value of legal services performed by plaintiff's assignor, for the benefit of the estate of one Henry G. Kalbfleisch. Such services were performed at the special instance and request of one Katherine Kalbflesich, formerly executrix of such estate. The action was evidently commenced and the complaint framed upon the theory, that the estate is primarily liable for the value of such services. Defendant demurred to the complaint upon the ground that the same fails to state facts sufficient to constitute a cause of action. The trial court overruled this demurrer and gave judgment in plaintiff's favor for the sum prayed for in the complaint, from which judgment this appeal is taken.

The sole error assigned is the overruling of such demurrer. It is clear that this ruling was error. The estate is not primarily liable for the value of these services, although the same were performed for the benefit of such estate at the request of the former executrix thereof. Such executrix became personally and primarily responsible for the payment of these attorney fees. The services were performed for and in her behalf for the purpose of assisting her in the execution of her trust. True, she was entitled to reimbursement out of the assets of the estate for all reasonable expenses of the administration thereof, including reasonable attorney fees for legal services necessarily rendered at her request. But such fees and expenses are allowed to her, and not to her attorney, and the attorney has no cause of action against the estate for the recovery of the value of such services. The authorities are practically unanimous in holding to the rule here expressed. 18 Cyc. 273, and cases cited; McKee v. Soher, 71 Pac. 438, 138 Cal. 367; Briggs v. Breen, 56 Pac. 634, 123 Cal. 657; Woerner on American Law of Administration, citing Thomas v. Moore, 52 Ohio St. 200, 39 N. E. 803; Pike v. Thomas, 62 Ark. 223, 35 S. W. 212, 54 Am. St. Rep. 292; Tucker v. Grace, 61 Ark. 410, 33

S. W. 530; Lusk v. Patterson, 2 Colo. App. 306, 30 Pac. 253; Miller v. Tracy, 86 Wis. 333, 56 N. W. 866; Wait v. Holt, 58 N. H. 467; Guernee v. Maloney, 38 Cal. 85, 88, 99 Am. Dec. 352; Page's Estate, 57 Cal. 238; Austin v. Munro, 47 N. Y. 360, 366; Parker v. Day, 155 N. Y. 383, 49 N. E. 1046. This author cites as holding to a contrary view the cases of Portis v. Cole, 11 Tex. 157, and Long v. Rodman, 58 Ind. 58, also, Nichols v. Reyburn, 55 Mo. App. 1, in which latter case one of the judges dissented. Counsel for respondent evidently now concedes the correctness of the foregoing views, as he has filed no brief, but has filed with the clerk of this court a written stipulation consenting to a reversal of the judgment, upon the grounds stated in appellant's brief.

The judgment is hereby reversed, and the district court is directed to dismiss the action. All concur.