(December 31, 1923.)

FRANK J. KLINE, EDWARD KLINE, JOSEPH J. KLINE, LOUISE TORMEY KLINE, LILLIAN A. KLINE, RENA A. SOUTHMAYD and MARY TORMEY KLINE, Heirs of JOHN TORMEY, Deceased, Appellants, v. W. H. SHOUP, as Administrator of the Estate of JOHN TORMEY, Deceased, Respondent.

[220 Pac. 45.]

COURTS — PROBATE COURT — APPEAL TO DISTRICT COURT — PROBATE MATTER—JURISDICTION—PLEADING—AMENDMENTS.

1. Upon an appeal from the probate court in a matter of probate, the matter must be tried *de novo*, and in trying the matter de novo, the district court acts in the exercise of its appellate jurisdiction, and not in the exercise of its original jurisdiction.

2. Amendments should not be allowed in the district court on appeal from the probate court in a probate matter.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. Ralph W. Adair, Judge.

Appeal to the district court from an order of the probate court allowing in part and disallowing in part the account of an administrator. The district court affirmed the order of the probate court except as to one item, which the district court allowed in the amount originally claimed. Appeal from that part of the judgment of the district court allowing the particular item in the full amount claimed. *Reversed.*

John H. Padgham, Richards & Haga and Chas. H. Darling, for Appellants.

Amendments should not be allowed in the district court on appeal from the probate court in a probate matter, the very expression "appellate jurisdiction" refuting and contradicting any idea of filing new pleadings and framing and settling issues in the district court, which has jurisdiction to retry only the same issues of law and fact as were heard and determined by the probate court. (*Estate of McVay,* 14 Ida. 64, 93 Pac. 31; C. S., sec. 7178; *Lemp v. Lemp,* 32 Ida. 393, 184 Pac. 224; *Fraser v. Davis,* 29 Ida. 70, 156 Pac. 913, 158 Pac. 233; *Glover v. Brown,* 32 Ida. 436, 184 Pac. 649.)

H. J. Burleigh, E. W. Whitcomb and L. E. Glennon, for Respondent, file no brief.

WM. E. LEE, J.—This is an appeal from the district court of the sixth judicial district, for Lemhi county, and involves the settlement of the account of an administrator.

Respondent was appointed administrator of the estate of John Tormey, deceased, on or about December 5, 1916, and he immediately qualified and entered upon the duties of his office. On December 24, 1920, respondent filed in the probate court of Lemhi county his "second account" as administrator. Thereafter, appellants filed therein their exceptions to the account. The matter of the settlement of the account came on for hearing in

the probate court, and on February 8, 1921, the probate court allowed the account in part and disallowed it in part. Thereupon, the administrator appealed from the order of the probate court, and the appeal was heard in the district court. The judgment of the district court affirmed the order of the probate court as to all except one item of the account. In connection with this one item, the probate court allowed the administrator $400 on an item in which $800 was claimed. The judgment of the district court allowed the administrator $800 on the item instead of $400, and this appeal is from that part of the judgment.

Appellants assign as error the action of the district court in permitting the item as originally filed in the probate court to be amended in the district court, and in allowing the item as amended. The item, as submitted by the administrator in his account filed in the probate court, reads as follows:

"1917.
Oct. 3.   Paid A. M. Colwell, for performance of
          annual labor on Tormey group for 1916, as
          required by section 2324, Revised Statutes of
          the United States...................... $800.00"

Appellants excepted to this item, quoting, in their exception, the language above set forth. As hereinbefore stated, this item was allowed in the sum of $400, the probate court finding that only $400 had been paid by the administrator to Colwell. The appeal was taken on questions of both law and fact. The district court allowed the item in the full sum of $800, and found that the "said administrator should be permitted to correct and amend the same (the item in question) in his said account so as to conform to the facts as proven at the hearing on appeal."

The following appears as the district court's fourth conclusion of law:

"That said administrator should have leave and he is hereby granted leave to correct and amend said item

of his account, by striking out the words: 'Paid A. M. Colwell, for performance of annual labor in Tormey group for 1916,' and inserting in the place thereof the words: To moneys laid out and expended and paid to A. M. Colwell for protecting the title to and possession of the estate of, in and to the Tormey group of mining claims, such correction and amendment being proper and conformable to the facts proved at the hearing on this appeal.''

The judgment of the district court is in part as follows:

''That all that part of the order or judgment of said probate court of Lemhi county, state of Idaho, made and entered February 8th, A. D. 1921, from which this appeal was taken, rejecting in part the item of $800 claimed as a credit in the account of said administrator for moneys paid to A. M. Colwell for performance of annual labor and assessment work on the said Tormey group of mining claims, and reducing the same from $800 to $400, be and the same is hereby reversed and set aside, and the wording of said item in said account be amended to conform to the facts so proved at the hearing on appeal, and that when so amended, as aforesaid, said item be and the same is allowed for the full amount claimed, to wit: $800.00.''

From the record, it appears that the issue tried in the district court was materially different from that tried in the probate court, and that the court permitted the issue to be amended in the district court. Upon an appeal from the probate court in a matter of probate, the matter must be tried *de novo,* and in trying the matter *de novo,* the district court acts in the exercise of its appellate jurisdiction, and not in the exercise of its original jurisdiction.

This court held in *Estate of McVay,* 14 Ida. 64, 93 Pac. 31 (on rehearing), that ''Amendments should not be allowed in the district court on appeal from the probate court in a probate matter.''

In that case, the court further said:

"In other words, this statute, under the constitution, grants to the district court appellate jurisdiction to retry only the same issues of law and fact as were heard and determined by the probate court."

Upon the authority of this court's statement of the law in the opinion on rehearing in *Estate of McVay, supra,* relative to the amendment of a pleading in the district court in a probate matter on appeal from the probate court, that portion of the judgment of the district court appealed from, allowing the full sum of $800 claimed by the administrator in the item in question, in the place of the allowance of $400 by the probate court, is reversed. Costs to appellants.

Budge, C. J., and McCarthy, Dunn and William A. Lee, JJ., concur.