R. W. EVANS *vs.* TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA.

MARCH 1, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This case is before us on the exception of the appellant, R. W. Evans, to the decision of a justice of the superior court affirming, on appeal, a decree of the probate court of the city of Newport.

The appellant, who was then a resident of the state of New York, but afterwards became a resident of Canada, filed a petition in the probate court of the city of Newport in this state, praying that he be appointed administrator, *c.t.a,* of the estate in Rhode Island of Mary B. C. Dulles, late of Philadelphia in the state of Pennsylvania, deceased, alleging that he was a creditor of the estate. It is admitted by the parties in the case that there was then in this state no personal property that had belonged to the testatrix at the time of her death and that there had been no probate proceedings in this state as to her estate, except that an exemplified copy of her will, as probated in the probate court of her domicile, had been filed and recorded in the Newport probate court for its effect on the title of some Newport real estate, which she owned at her death.

There being no opposition to the appellant's petition, it was granted by a decree of the probate court, and letters of administration were issued to him accordingly. Thirty days after the entry of that decree the appellee, a corporation, which is a devisee and legatee under the will of the deceased, filed in the probate court a petition that the decree be vacated and revoked and that the petition of the appellant be denied and dismissed. After a hearing, the probate court granted the appellee's petition, and entered a decree by which the former decree was revoked and the petition of the appellant for administration on the estate was denied and dismissed.

In due course he prosecuted an appeal from the later decree to the superior court and, upon a trial of that appeal before a justice of that court, sitting without a jury, a decision was made by this justice affirming the decree appealed from. An exception to this decision was taken by the appellant and the bill of exceptions now before us sets forth only that exception.

At the hearing in the superior court the following facts were agreed to, besides those above stated. In the will Margaret Fontana, a daughter of the testatrix, was named as executrix. She was given a life interest in a large part of the estate, with a power to consume it; and the remainder interest in that part of the estate was given to the present appellee. The will was admitted to probate and letters testamentary were issued to Margaret Fontana by the court of Pennsylvania having probate jurisdiction over the estate. She at least partially administered the estate there, where apparently there were ample assets to pay all the debts of the estate and all the expenses of administration. There is nothing to show how much, if any, of the property included in the estate was consumed by her.

She died about eleven months before the appellant filed his petition in the Newport probate court. His asserted right to petition for administration of the estate in Rhode Island was based wholly on the fact that he, as an accountant, had rendered valuable services to the executrix and expended money for her, in assisting her in the performance of her duties as such executrix under her appointment by the probate court in Pennsylvania, and had not been compensated therefor.

So far as appears, he made no effort to recover payment for these services and disbursements from the executrix in her lifetime or from her estate after her death, or by attempting to subject the assets of the estate of the testatrix in Pennsylvania to the payment of compensation to him for such services and disbursements.

He based his right to file a petition for the appointment of an administrator, c.t.a., of this estate in Rhode Island on the allegation that he was a creditor of such estate here. In our judgment he was not and is not such a creditor. What right he may have had, if any, against the estate in Pennsylvania, at the time when he filed his petition in this state, we do not attempt to determine. But we are of the opinion that on the admitted facts he had no interest in the estate here, which gave him any standing here to file his petition. Having stated the conclusion which we have reached, we shall now set forth the steps by which we have reached it.

To get a clear idea of the appellant's actual situation, it has seemed to us the best method of approach to consider first the question what his situation would have been if the principal administration on the estate had been in the Newport probate court, and Margaret Fontana had taken out letters testamentary from that court, and he had performed valuable services and expended money, at her request, in assisting her in the performance of her duties as executrix concerning the estate here. Even then, for the reasons which follow, we very much doubt that he would have had any standing to ask for the appointment of an administrator, c.t.a., of the estate here, after the death of Margaret Fontana.

We are not aware of any decision of this court on the question thus raised, but by the great weight of authority in this country the law is as stated in 1 Woerner on American Law of Administration, (3rd ed.) 520-521, § 152, and in 2 idem, 1181, § 356. In the first of these citations the author says: "Upon the same principle, probate courts have no jurisdiction to decree payment to persons employed by the executor or administrator to render services for him, or for the estate, in its administration. Although it may be the duty of the court, in passing upon the administration account, to determine the reasonableness of payments for such services, and allow or reject the credits taken therefor, it has

not the power, unless expressly granted by statute, to adjudicate upon the claims of such persons against the administrator; their remedy, if he refuse to pay, is in another court. . . . Debts created after the death of the intestate or testator cannot be proved in the Probate court; . . ."

In the second of the above citations the author says: "It is a well-recognized principle, that though the estate must answer for a breach of an obligation incurred by the deceased, yet for liabilities contracted by the personal representative, although for the benefit and in the interest and behalf of the estate, it is not liable to creditors. Disbursements, reasonable in amount and for services necessary in the proper discharge of duties imposed upon them, will constitute a charge in favor of executors and administrators against the estate, although their allowance should leave no surplus to pay creditors of the deceased; but in the absence of statutory authority the Probate court, as already stated, has no jurisdiction to adjudicate between the personal representative and the creditor. It follows, that the estate is not liable to an attorney for his services at the instance of an executor or administrator, but that the latter is himself liable in a suit by the attorney; . . . ."

A very good case in point, in which many authorities are cited, is *Besancon* v. *Wegner*, 16 N. D. 240, 112 N. W. 965. There the plaintiff brought an action against the administrator, *d.b.n.c.t.a.*, of an estate, to recover the value of legal services rendered to the former executrix of the will of the deceased. The action was evidently based on the ground that the estate was primarily liable for such services. At page 241 the court says: "The estate is not primarily liable for the value of these services, although the same were performed for the benefit of such estate at the request of the former executrix thereof. Such executrix became personally and primarily responsible for the payment of these attorney fees. The services were performed for and in her behalf for the purpose of assisting her in the execution of

her trust. True, she was entitled to reimbursement out of the assets of the estate for all reasonable expenses of the administration thereof, including reasonable attorney fees for legal services necessarily rendered at her request. But such fees and expenses are allowed to her, and not to her attorney, and the attorney has no cause of action against the estate for the recovery of the value of such services. The authorities are practically unanimous in holding to the rule here expressed."

Another good case in point is *Estate of Kruger*, 143 Cal. 141, 76 P. 891. There the court, beginning at page 144, (892), says: "The attorney employed by an executor or administrator to assist him in the execution of his trust has no claim that he can enforce *against the estate* either by action . . . or in any other way. . . . He is not by reason of such employment, the attorney of the estate, but is simply the attorney of the executor or administrator who selects and employs him. . . . He is not a 'person interested in the estate' within the meaning of those words as used in the section relative to the presentation of exceptions to the accounts of the executor or administrator and the conclusiveness of decrees of settlement of such accounts."

The appellant in the instant case has not cited to us any case, in this state or elsewhere, in which it has been held that a person who, at the request of an executor or administrator, has rendered services, for which he has not been paid, in aid of the performance of the duties of such executor or administrator, has any standing after the death of the latter to ask for the appointment of a successor in the administration of the estate, or to file any claim against the estate.

None of the cases cited by the appellant is in point on this question. He seems to rely strongly on *Moulton* v. *Smith*, 16 R. I. 126. But that was a suit in equity brought, not by a person who had rendered services to, or paid out money for, an executor or administrator, but by the administrator of the estate of a deceased executor of his wife's

will; and it was brought to enforce a lien, for the benefit of that estate, on the assets of the wife's estate for the payment of expenses incurred *and paid* by her husband in the course of his administration of her estate. The case has no relevancy to the question now under consideration in the instant case.

In support of his contention that he is entitled to a remedy in the probate court of Newport, the complainant seems to rely mainly on general laws 1923, chapter 369, section 1, which reads as follows: "The estate, real and personal, of every deceased person shall be chargeable with the expenses of administration, including allowances to widow and family, the funeral charges of the deceased, including the cost of a place of burial, if necessary, and the payment of his debts; and the same shall be paid by the executors or administrators out of the estate, so far as the same shall be sufficient therefor."

This language may fairly be construed as imposing upon an executor or administrator the duty of paying, out of the assets of the estate in his charge, the expenses properly incurred by him in the due course of his administration. But neither this section nor any other statutory enactment in this state, of which we are aware, provides for any remedy *in the probate court* by which a person to whom an executor or administrator has incurred indebtedness, in the performance of his duties as such executor or administrator, can resort to the assets of the estate, of which such executor or administrator has charge, for the payment of such indebtedness.

That there is a basic distinction between debts of a decedent and expenses of the administration of his estate was pointed out by this court in *Dolan* v. *Anthony,* 51 R. I. 181, 152 A. 873, a probate appeal, at page 186 (875), in these words: "The appellants' contention that there has been an abuse of discretion by the disallowance of the petition for transmission of the funds is based on the erroneous argu-

178

ment that expenses of administration stand on the same ground as debts of the decedent." The appellant's contention in the instant case is based on the same erroneous argument.

For these reasons, we very much doubt, as above stated, that the appellant would have had any standing to ask for the appointment of an administrator, c.t.a., of the estate of Mary B. C. Dulles in this state, after the death of Margaret Fontana, even if he had performed his services and made his disbursements for the latter in aid of the performance by her of duties as executrix in the administration of the estate here. To hold that he would have had such standing under such circumstances would be against the great weight of authority in states having statutes similar to our own with regard to the administration of the estates of decedents.

The appellant's claim of an interest in the estate here is much weaker than it would have been on the supposition which we have been making. This is so because it is based solely on services rendered and disbursements made by him in aid of the performance of the duties of the executrix, now deceased, who was appointed by a probate court in Pennsylvania to administer upon the assets of the estate there, where apparently there were ample assets out of which the executrix or her successor could have paid him proper compensation.

Moreover, since there is no personal property in this state to be administered, the only object of the appellant in trying to have an administrator appointed here must be to have the real estate sold for the payment of his compensation, although real estate should never be sold, when there are personal assets available for the payment of debts and other charges against an estate.

Therefore we are of the opinion that the appellant had no interest in the estate of Mary B. C. Dulles in this state on which could be based any right by him to file a petition

in the probate court of Newport for the appointment of an administrator, *c.t.a.*

The appellant's exception is overruled and the case is remitted to the superior court for further proceedings.

*Sheffield & Harvey, J. Russell Haire,* for appellant.

*Hinckley, Allen, Tillinghast & Wheeler, Harold A. Andrews, Mason B. Merchant,* for appellee.