## In Re SACHS' ESTATE
## BOGUE, et al, Respondents, v. SACHS, et al, Appellants
### (297 N. W. 793.)

(File No. 8433. Opinion filed April 29, 1941.)

See, also, 66 S. D. 373, 283 N. W. 173.

**T. R. Johnson,** of Sioux Falls, for Appellant Charley Sachs.

**Jerry Maher,** of Sioux Falls, for Appellant Clarence Sachs.

**Alan Bogue,** of Parker, and **Henry C. Mundt,** of Sioux Falls, for Respondents.

ROBERTS, J. This is an appeal from a judgment of the circuit court of Minnehaha County modifying a decree of the county court.

The facts necessary to an understanding of the questions involved on this appeal are not in dispute. Actions were commenced by August Sachs in which he was represented by Henry Mundt, as attorney, against Charley Sachs for the purpose of canceling two deeds of record as undelivered, to recover possession of thirty-four shares of stock in the Northern States Power Company, and to recover the sum of $1,650 on a contract for the sale to Charley Sachs of certain real estate. These actions were pending when August Sachs died, leaving a will in which Clarence Sachs, a grandson, was named as executor. It was provided in the will that the executor, in the event these properties were not recovered before the death of testator, prosecute actions for cancellation of deeds and for possession of the shares of stock for the benefit of the estate. Clarence Sachs duly qualified as executor, and was substituted as party plaintiff in the actions pending in the circuit court.

Respondent Henry Mundt was employed by the executor to assist him with the administration and settlement of the estate and in prosecuting the actions in the circuit court. When counsel anticipated the necessity of his being a witness, respondent Alan Bogue was employed to represent the executor in the circuit court actions. The executor filed his final report wherein he set forth the claims of respondents for attorneys' fees and asked the county court to fix and allow compensation. The executor thereafter filed a supplemental report and therein set forth that he had paid the balance of funds belonging to the estate to his father to apply upon three judgments for costs. Respondents presented written objections to the settlement of the account. Hearing was had before the county court upon the final report and the objections, resulting in an order disapproving the payment to appellant Charley Sachs and directing the executor to reimburse the estate for the amounts thus paid. The court fixed compensation for legal services rendered by respondents and directed payment by the executor.

Appellants, Charley Sachs and Clarence Sachs, appealed from the order and after hearing de novo the circuit court entered judgment determining the amounts due to the respondents, requiring appellants to reimburse the estate for the amounts paid to apply on the judgment and directing the administrator with will annexed to pay the compensation of the respondents from the reimbursements.

It is contended by counsel for the appellants that the county court was without jurisdiction to adjudicate the controversy between the executor and those whom he employed to render legal services, and that no allowances could be made directly to respondents representing him as executor. The statute provides that an "executor or administrator shall be allowed all necessary expenses in the care, management and settlement of the estate." SDC 35.1603. The personal representative of a decedent is unquestionably entitled to reimbursement for attorneys' fees for services rendered in the administration of his trust and in litigation for the benefit of the estate of his decedent, conducted in

good faith and with reasonable care and prudence. Peterson v. Ustrud, 58 S. D. 76, 234 N. W. 923. The employment of an attorney by an executor or administrator to render services for him in the administration of the estate is a matter of contract between such personal representative and the attorney, and the latter has no cause of action in the absence of statute against the estate for the recovery of the value of his services. Besancon v. Wegner, 16 N. D. 240, 112 N. W. 965. The county court as a general rule can make an allowance only to the personal representative and not to the attorney. In re Kruger's Estate, 143 Cal. 141, 76 P. 891; Munger's Estate, 168 Iowa 372, 150 N. W. 447, Ann. Cas. 1917B, 213; in re McLure's Estate, 68 Mont. 556, 220 P. 527; see, also, annotation in 25 L.R.A., N.S., 72. In Woerner on Administration, 3d Ed., § 152, the author says: "Although it may be the duty of the court, in passing upon the administration account, to determine the reasonableness of payments for such services, and allow or reject the credits taken therefor, it has not the power, unless expressly granted by statute, to adjudicate upon the claims of such persons against the administrator; their remedy, if he refuses to pay, is in another court."

A statute in California, amending provisions similar to SDC 35.1603, now authorizes direct proceeding against the estate by the attorney. Hite's Estate, 155 Cal. 448, 101 P. 448. Similar statutory provisions are in force in other states. In re McLure's Estate, supra; United States Fidelity & Guaranty Co. v. People ex rel. Miller, 44 Colo. 557, 98 P. 828; Matson & May v. Pearson, 121 Mo. App. 120, 97 S. W. 983; Kenyon v. Gregory, 127 Ark. 525, 192 S. W. 887; Long v. Rodman, 58 Ind. 58.

■ It is the contention of respondents that the settlement of the account in the county court was an equitable proceeding and that the county court under the facts here shown was authorized to fix reasonable attorneys' fees and order payment directly to respondents. In support of this claim respondents rely principally upon Carpenter v. United States Fidelity & Guaranty Co., 123 Wis. 209, 101 N. W. 404.

In that case it is held that where justice demands, an attorney may petition the county court for the allowance of fees and procure an order fixing the allowance and directing the payment and the establishment of a lien upon the assets of the estate. In Re Estate of Arneberg, 184 Wis. 570, 200 N. W. 557, 558, the Wisconsin court had occasion to consider the question of the authority of the county court to adjudicate between the personal representative and his attorney. Cases of that court in support of the rule that an estate is not directly liable for legal services rendered in the administration of the estate are cited. Referring to the contention that the Carpenter case was applicable, the court said: "In the Carpenter case it will appear that the administrator was insolvent. In the case of Manderson's Appeal, 113 Pa. 631, 6 A. 893, cited and commented upon in the opinion of the court, the executor had squandered the assets of the estate and then absconded. We therefore come to the logical conclusion that the Carpenter case does not overrule or modify any of the other Wisconsin cases heretofore mentioned; that no contention is made in the opinion that such cases are either overruled or modified."

If it should be held that the county court has authority to direct payment to an attorney when the personal representative is unable to pay or is insolvent, the allowances in the present case would be improper. There is no claim or finding that the present case is within such exception to the general rule.

■ Respondents contend that if the county court in assuming to adjudicate the rights of the respective parties exceeded its authority, the circuit court had authority to try and determine the claims of the parties. When the appeal from the county court is on questions of fact or on questions of both law and fact, the trial in the circuit court must be de novo. SDC 35.2111. In Re Skelly's Estate, 21 S. D. 424, 113 N. W. 91, 93, it is said: "While it is provided, by section 359 of the Revised Probate Code, that on appeal 'on questions of both law and fact the trial must be de novo,' yet the only issues that can be tried on such an appeal are

those presented by the record in the county court and passed upon by that court."

Although the circuit court is a court of general jurisdiction, it exercises on appeals from the county court a limited jurisdiction, and it is not authorized to determine controversies not within the jurisdiction of the county court. Finn v. Walsh, 19 N. D. 61, 121 N. W. 766; Kline v. Shoup, 38 Idaho 480, 220 P. 45.

The judgment appealed from is reversed.

All the Judges concur.