9649

*IN RE* COLEMAN *ET AL.*

*IN RE* WALLACE *ET AL.*

(91 S. E. 861.)

1. EXECUTORS AND ADMINISTRATORS — EMPLOYMENT OF ATTORNEYS. — Executors having already employed a large force of legal talent may not, without necessity being shown, employ more attorneys and make their compensation a charge on the estate.

2. EXECUTORS AND ADMINISTRATORS—COMPENSATION OF ATTORNEYS.—The criterion for fixing fee of attorneys employed by executors is not the amount of the estate, but the benefits derived and the labor, learning, and skill involved.

3. APPEAL AND ERROR—PARTIES ENTITLED TO ALLEGE ERROR.—Only those appealing can question correctness of the decree allowing attorney's fee to be paid from decedent's estate.

Before SMITH, J., Union, March, 1916. Reversed.

On application by William Coleman and another, executors of Ann E. Rice, deceased, for final settlement and discharge, Wallace and Barron and George S. Mower petitioned for allowance of attorney's fees. An allowance was made by the Circuit Court on appeal from the probate Court, and S. M. Rice and others appeal.

*Messrs. McDonald & McDonald* and *J. P. K. Bryan,* for appellants, submit: *The contracts of employment and retainer set up by the petitioners, Messrs. Wallace & Barron and Mr. Mower, are merely the personal contracts of the executors and such contracts create no primary liability against the estate of Miss Rice:* 18 Cyc. 247 to 250; 2 Treadw. Con. 676; 69 S. C. 366; Bailey E. 159 to 163; *Ib.* 283; *Ib.* 311; 69 S. C. 386. *The employment of these attorneys and the services rendered by them in the contest over the will and codicil was not for the benefit of the estate of Miss Rice, but the testimony shows conclusively that it was for the benefit of William Coleman, personally, and the bene-*

*ficiaries under the codicil:* 2 Hill Ch. 26. *Contracts made with an executor, administrator or other trustee are simply personal contracts, and do not bind the estate. The executor, administrator or other trustee is not entitled to be reimbursed for fees paid, unless it appears that the employment of counsel was for the benefit of the estate; that the employment was made in good faith; that such employment was necessary for the protection of the estate, and that no more counsel were employed than were necessary:* 2 N. & McC. 329; 1 Bail. 126; 2 Bail. 317; 2 Hill 468; 2 Hill 343. *No claim can be made for counsel fees directly against the estate, but the principle is that the executor or administrator will be entitled to reimbursement, if he has paid such fees, and they were proper charges against him:* 25 L. R. A. (N. S.) 71; 26 L. R. A. (N. S.) 757; 2 S. C. 483; 51 S. C. 506; 69 S. C. 386. *The burden of proof is upon the executors to show the necessity for employing counsel, their own good faith, the necessity of such employment, that the fees claimed are reasonable, and that no more counsel than were necessary were employed by them:* 11 A. & E. Enc. of L. (2d ed.), pp. 1341, 1251, 1252. *The fees and expenses of the different devisees, legatees, heirs or claimants, with respect to their respective rights, do not constitute claims against the estate:* Benton's Succession 59 L. R. A. 135; Note, 54 L. R. A. 820; 74 Am. St. Rep. 900-1; Rice's Eq. 51-55; 1 Strob. Eq. 393; 60 S. C. 272. *Fees of attorneys representing claims in hostility to the estate:* 9 L. R. A. (N. S.) 997; 56 S. E. 603. *An executor will not be allowed counsel fee for contesting a matter in which he was personally interested:* 2 Hill Ch. 26; 2 Bail. Eq. 460, *that an executor was not entitled to counsel fees for defending a will, but the claim should be made against the legatee for whose benefit such defense was made. An executor will not be allowed counsel fees for preparing his return, unless they are a complicated nature. It is his duty to make annual returns, so as to avoid complications in his accounts, and the accounting is of his own matters: Logan v.*

*Logan,* 1 McCord. Ch. 1. *Counsel fees will not be allowed where there is no showing as to the necessity and propriety of such payment: Johnson* v. *Henegan,* 11 S. C., pp. 106-118; *Turnipseed* v. *Sirrine,* 60 S. C. 272; Shouler on Executors and Administrators, section 544; 74 Am. St. Rep. 901.

*Mr. F. Barron Grier,* for respondents, Wallace & Barron, cites: *As to the contract for fees:* 68 S. C. 218. *Employment of several counsel:* 31 Oregon 86; 11 A. & E. Enc. of L. 1251. *Opinion evidence as to amount of fee:* 3 A. & E. Enc. of L. 421, 422, 423; 37 Mich. 17. *Measure of fee:* 10 Abbott N. Y. Sup. Ct. 15; 14 N. Y. App. Div. 53. *Contract for fees:* 25 S. C. 496; 36 S. C. 18; 68 S. C. 218; 60 S. C. 281. *Reimbursement of executor:* 58 S. C. 299; 10 Rich. 204; 1 McC. 155. *Questions of fact not reviewable on appeal:* 69 S. C. 141; 12 S. C. 424; 98 S. C. 212; 44 S. C. 75. *Expert testimony of attorneys as to reasonable fee:* 4 Cyc. 1003.

*Messrs. Hunt, Hunt & Hunter,* for respondent, Mower, submit: *Findings of fact are not reviewable:* 85 S. C. 70; 81 S. C. 495; 76 S. C. 226; 86 S. C. 477; 74 S. C. 189; 82 S. C. 40. *Employment of counsel a necessity:* 44 S. C. 166; 60 S. C. 280. *Reimbursement of executor:* 10 Rich. Eq. 204; 60 S. C. 272; 11 R. C. L. 237; 86 Neb. 75; 26 L. R. A. (N. S.) 757. *Value of services:* 2 R. C. L. 1059.

March 22, 1917.

The opinion of the Court was delivered by Mr. JUSTICE WATTS.

Miss Ann E. Rice died, leaving her last will and testament, to which she had added a codicil. She left as executors thereof William Coleman and F. M. Farr. When an application was made by them for a final settlement and discharge, Wallace and Barron and Mower filed their petition for coun-

sel fees, and asking that the same be allowed them for services alleged to have been rendered the executors under contract made with them as executors of said will. The petitions were heard in the probate Court for Union county, and the probate Court disallowed the fee of Mower, and allowed Wallace and Barron a fee of $5,000.00. From this decree an appeal was taken to the Circuit Court by Mr. Mower, by the executors of Miss Rice's will, and by the appellants herein. After hearing this appeal, Judge Smith rendered his decree, affirming the decree of the probate Court as to the fee allowed Wallace and Barron, but modified it as to the fee claimed by Mower, and decreed that Mower should be paid a fee of $2,000.00. Spencer M. Rice, Thomas A. Rice, James G. Rice, Ida N. Perrin, Lizzie R. Wolling, Agnes R. Peake, Kittie R. Elliott, R. B. Rawls, C. T. Rawls, Susannah R. Carter, James Macfie, Wade H. Macfie, Reuben Rice Macfie, Spencer M. Macfie, Agnes Anderson and Mary J. Clarke by 18 exceptions duly filed question the correctness of the Circuit Court's decree, and ask reversal of the same. Miss Rice died, leaving of force her last will and testament and a codicil thereto, which was duly admitted to probate in common form on September 1, 1908, in the office of the probate Court for Union county; the will was dated July 20, 1906, and the codicil February, 1908. On November 4, 1909, the appellants here filed their petition in the probate Court for Union county, praying that the executors thereof, William Coleman and F. M. Farr, be required to prove the alleged codicil of Miss Rice in solemn form, and on the same day an order was by the Court for that purpose, which was duly served. On November 23, 1909, the executors filed their petition, asking that they be required to prove both the will and codicil in due and solemn form of law.

The attorneys of record for the executors, as appears from the petition, were Shand & Shand, of Columbia, S. C.; Johnstone & Cromer, of Newberry, S. C., and S. Means

Beatty, of Union, S. C. The record shows that the only persons who answered the petition of the executors were the appellants herein, who contested the validity of the codicil, and Mrs. Eveline S. Rice and Mrs. Agnes Jeter, who appeared by their attorneys, Wallace & Barron, who insisted that both will and codicil were good and valid instruments. Mrs. Victoria S. Coleman, represented by Mower & Bynum, of Newberry, and Sawyer, Townsend & Townsend, of Union, S. C., answered and attacked the validity both of the will and codicil. The case was heard and decided in the probate Court, and an appeal taken therefrom to the Court of Common Pleas.

The record shows that the case was never heard in the Circuit Court, but that the litigation was compromised by the parties in interest to the litigation, and not by the executors. The record shows conclusively, and there is not a particle of evidence to the contrary, that during the whole litigation in the probate Court and in the Court of Common Pleas up to the time of the compromise there is nothing to show or disclose the fact that Wallace & Barron represented the executors or any one else other than the parties whom they filed answers for. The only other litigation in the matter other than the proceedings in the probate Court and appeal to the Circuit Court therefrom was a proceeding by the appellants herein in the Court of Common Pleas for an injunction to restrain the executors from selling the real estate.

The matter was heard by Judge Sease, who refused the same; an appeal was taken to the Supreme Court, and judgment affirmed. So the whole litigation, up to the time of the compromise, was this: Injunction matter before Judge Sease, and appeal therefrom to the Supreme Court, and hearing in that Court; the litigation over the will and codicil in the probate Court; appeal therefrom to the Circuit Court; and a compromise before hearing in that Court between the parties. For this litigation what do the executors pay their lawyers? Mr. Shand was paid $5,000.00, and before that

time had been paid $500.00. Mr. Johnstone was paid $5,500. Mr. Beatty was paid $600.00, and it appears Mr. Wallace was paid $65.00. The appellants do not question or make any objection to these payments. All parties agree that they were proper.

The records disclose the facts that the respondents sent in their bills and made claim for services rendered in the litigation to some of the legatees, which claims were disputed and not paid. The record shows that the lawyers. employed unquestionably by the executors, Shand & Shand, Johnstone & Cromer, and Beatty, as well as the lawyers whose claims are disputed by the appellants, Wallace & Barron and Mower, are all capable lawyers of mental vigor and legal learning, energetic, and of integrity and strength, and any two of them could have handled the estate with consummate ability and skill, and could have done everything that was necessary for the legal settlement of the same.

The executors had the right to employ such legal talent as they approved of, but they do not have the right to employ an unnecessary number of lawyers and pay them with the estate's funds. When a number of lawyers are employed it is incumbent on the executors to show the necessity for employing such an extraordinary number to be paid a high price by the estate. We cannot see in any view of the case if the executors had employed Shand & Shand, Johnstone & Cromer, and Beatty why they wanted additional counsel, unless they intended to pay them out of their own pockets and not mulct the estate. Our view is the same about Wallace & Barron and Mower; if the executors employed them, then there would have been no necessity for the employment of the others.

The estate of the deceased looks large on paper and by the appraise bill, but the amount of the estate is not the

criterion by which a lawyer's fee should be fixed.    It is from the benefits derived from the lawyer's talent and the labor, learning and skill involved and displayed in the management of the necessary litigation and the avoidance of litigation that is unprofitable.    We cannot see how the payment of the $11,665 to the attorneys employed whose employment by the executors is not disputed and which payment is acquiesced in by the appellants, is not a sufficient and liberal compensation for services rendered on the litigation; to allow more would be too great a tax and burden on the estate, and make it potential for an executor by the employing of a number of high-priced lawyers to eat up any estate.

The appellants are not seeking to deprive the petitioners of the payment of their reasonable and legitimate fees, but deny that they should contribute thereto for any unnecessary additional legal talent.    A number of the parties interested did not appeal from the decree of the probate Court; only the appellants here and the executors.    From the decree of Judge Smith the executors did not appeal, neither did any of the parties interested, except the appellants here.    We have not attempted to treat the exceptions to Judge Smith's decree separately, but generally to pass upon the points involved.    Under our view of the case the exceptions should be sustained as far as the appellants are concerned.    This Court will not sanction the payment of further attorney's fees by the executors out of the estate of Miss Rice, deceased, so as to make the interests of the appellants in any manner to contribute thereto; to do so would be to allow excessive and exorbitant compensation by the estate for services rendered by attorneys employed by the executors when there was no necessity for the employment of so many.

The amount allowed by consent of all parties amply compensates for all services rendered by all of the attorneys to the executors.    But Judge Smith by his decree allowed a fee of $5,000.00 to Wallace & Barron, and a fee of $2,000.00 to

Mr. Mower, and ordering it to be paid out of the estate funds of Miss Ann E. Rice. No one appealed from this decree except the appellants named herein. That being the case, all are precluded from raising any question as to the correctness of Judge Smith's decree, except the appellants. *Shell* v. *Young,* 32 S. C. 472, 11 S. E. 299.

It seems to us, therefore, that so much of the judgment of the Circuit Judge as requires that any part of the appellants' share in the estate of Miss Rice should contribute to the payment of the fees fixed of Wallace & Barron and Mower should be reversed, and the other parties to the suit, having failed to appeal, that they are concluded by the acquiescence in the decree of the Circuit Court, and the judgment as to them should be affirmed, and such is the judgment of this Court.