PETERSON, Appellant, v. USTRUD, Respondent.

(234 N. W. 923.)

(File No. 7001.   Opinion filed February 19, 1931.)

*Lewis W. Bicknell,* of Webster, for Appellant.
*Mark W. Sheafe, Jr.,* of Watertown, for Respondent.

MISER, C.   After the death of Christoffer Peterson, his brother, Osmond Peterson, who now appears as administrator of his estate and as appellant herein, filed a petition for letters of administration on the estate on behalf of himself and his brothers and sisters.  Curtis Peterson, the illegitimate son of Christoffer Peterson, also petitioned for letters of administration.   An agreement was made between Curtis Peterson and Mark W. Sheafe, Jr.,

whereby Sheafe was to act as the attorney for Curtis Peterson in establishing his right to inherit. The fees agreed upon were to be contingent. It was further agreed, "in consideration of said contingent fees, that second party (Sheafe) shall completely probate the estate of the said (Christoffer Peterson) deceased, in county court." At the request of Curtis Peterson and his attorney, Sheafe, the respondent Ustrud joined in the petition of Curtis Peterson. On hearing, the county court denied the petition of Osmond Peterson, the brother, granted the petition of Curtis Peterson, the illegitimate son, and on his nomination, appointed respondent Ustrud administrator of the estate. An appeal was taken to the circuit court. In this proceeding Curtis claimed that he was legitimated in accordance with the provisions of section 211, R. C. 1919. However, the circuit court found that Christoffer Peterson never publicly acknowledged claimant; that having a home and a family he never received him into the same as his own child; and that he never treated him as though he were his own legitimate child, recognized him in any way, furnished any support, wrote to him, spoke to him, or in any way acted as though he knew said claimant existed. The circuit court concluded therefrom that Curtis Peterson was not legitimated nor adopted nor entitled to inherit, and ordered the county court to vacate the judgment by which Ustrud was appointed administrator. No appeal was taken from that order or decree of the circuit court, and thereafter the county court removed Ustrud as administrator and required him to file his final account as such.

In this final account Ustrud claimed allowance for a substantial amount paid to Sheafe as attorney's fees. The new administrator, Osmond Peterson, objected to those items, on the grounds, among others, that Sheafe at all times appeared in said matter pursuant to employment by Curtis Peterson on a contingent basis and that Sheafe was entitled to no compensation for his services other than upon the terms of his contract with Curtis Peterson. The county court overruled these objections and allowed the attorney's fees. On appeal, the circuit court affirmed the order of the county court. From the judgment of affirmance and from the order denying a new trial this appeal is taken.

The agreement between Sheafe and Curtis Peterson was in force throughout the entire time that Sheafe was rendering service

in connection with the estate and antedated the employment of Sheafe by Ustrud by over 60 days. The attorney's fees allowed to Sheafe by the county court and approved by the circuit court were $750. Under the contingent fee contract, Sheafe would have received a fee ranging from $10,000 to $20,000. Sheafe was already bound by contract with Curtis Peterson to perform the services for which Ustrud paid him. The question, however, is whether Ustrud, who was appointed administrator at the request of Curtis Peterson, is entitled to be credited with attorney's fees paid to Sheafe:

Section 3363, R. C. 1919, is in part as follows:

"He [the executor or administrator] shall be allowed all *necessary* expenses in the care, management and settlement of the estate."

In Besancon v. Wegner, 16 N. D. 240, 112 N W. 965, it was held that an administratrix was entitled to reimbursement out of the assets of the estate for all reasonable expenses of administration thereof, including reasonable attorney's fees for legal services *necessarily* rendered at her request. See also McGowan v. Milner, 195 Ala. 44, 70 So. 175; First Nat. Bank v. Watters, 201 Ala. 670, 70 So. 242, 244; In re Coleman, 106 S. C. 534, 91 S. E. 861; 24 C. J. 48, 97, 100; In re Springer's Estate, 79 Mont. 256, 255 P. 1058; Estate of Byrne, 122 Cal. 260, 54 P. 957, 1015; 11 Cal. Jur. 1179.

Was there any reasonable necessity for Ustrud employing Sheafe? Curtis Peterson had employed Sheafe to do everything for which Ustrud required counsel. Apparently Curtis Peterson, if legitimated, was the sole heir. Of course, if an administrator is to be bound by the acts of his counsel, he should be permitted to select his own counsel. This, however, is not a case of an administrator employing one attorney and an heir at law employing another. Here there is the same legal ability, the same service, because it is the same attorney. Had Sheafe proven the legitimation of Curtis Peterson and completed the probate of the estate, he would have been entitled to from 25 to 40 per cent of the estate under his contract. Would Ustrud, knowing this, have been entitled to pay him in addition thereto $750 as a fee for a partial probate? Not if Ustrud knew it. But Ustrud testified that both at the time when, at the request of Curtis Peterson,

transmitted by Sheafe, he signed the petition for letters of administration and at the time of his appointment as administrator after the contest in county court, he knew that Sheafe was Curtis Peterson's attorney under employment in the case. While Sheafe testified that he never told Ustrud that he had a contingent fee contract with Curtis Peterson, it is not to be presumed that he did not inform Ustrud as fully as his duty required him to do that he was to be paid, if at all, by Peterson; nor is it to be presumed that Ustrud, had he exercised the diligence and prudence required of an administrator in the performance of his trust, would not have been fully advised that Sheafe was looking to Curtis Peterson for payment for the services which he contracted with said Curtis Peterson to render. The right of an administrator to reimbursement for counsel fees depends upon his prudence and good faith in incurring the expenditures. Woerner, Admn. (3d Ed.) § 516; Schouler Exec'rs and Admn'rs (6th Ed.) vol. 4, p. 2524. Ustrud was bound to employ no less diligence and prudence in this matter than prudent men generally employ in their own like affairs. In re Belcher's Estate, 129 Misc. Rep. 218, 221 N. Y. S. 711, 713; Villard v. Villard, 219 N. Y. 482, 114 N. E. 789; Christy v Christy, 225 Ill. 547, 552, 80 N. E. 242; 11 Am. & Eng. Ency. of Law (2d Ed.) 904; 24 C. J. 48; Woerner, Admn. (3d Ed.) § 516. Even though, by arrangement between Curtis Peterson and Sheafe, this estate may have required but little of Ustrud's attention, the responsibility of prudence and diligence in its management remained. He paid an attorney fee, which it was not necessary to pay, and which an ordinarily prudent man would not have paid. But respondent inquires: Is appellant and his brothers and sisters to have this estate probated for them without charge for legal services rendered? In view of the fact that this matter has been twice in county court, twice in circuit court, and once in this court, it is unlikely that the lawful heirs are entirely escaping the payment of attorney's fees. Furthermore, that was the agreement between Sheafe and Curtis Peterson and presumably entered into the fixing of the amount of the contingent fee. The judgment must be and is reversed, and the cause remanded for further proceedings in harmony herewith.

POLLEY, P. J., and CAMPBELL, BURCH, ROBERTS, and WARREN, JJ., concur.