Battle, J.
 

 We have examined the testimony taken by the master, and must over-rule the first exception, because the plaintiffs have produced no evidence to show that the amount of the estate, which came to the hands
 
 *205
 
 of the executor, was different from what it appeared to be from his answer and account of sales. The master was therefore justified in stating that to be the true amount.
 

 The 2nd exception we must over-rule, also, because the plaintiff has failed to show that the charges were improper or unreasonable.
 

 The 3d exception is over-ruled, because the testimony satisfies us that the executor was entitled to all the articles mentioned in the exception, under a contract made with his testator in his life-time, and which was fully performed on his part by the executor.
 

 The 4th exception is also over-ruled, because it appears from the testimony that the testator had, at the time of his death, but two horses, and they were sold as a part of his estate by the executor; as were also one half of the cows and other stock. The other half, the executor is entitled to upon a proper construction of the will. That is certainly the grammatical construction, and according to the case of
 
 Jones
 
 v.
 
 Posten,
 
 1 Ired. Rep. 171, it must prevail, unless a contrary intent plainly appears, which is not the case here. Besides this, it appears from the testimony that the defendant was entitled to one half of the stock, other than horses under contract with the testator.
 

 ; The 5th exception cannot be sustained and must also be over-ruled. It is well settled that a bequest of a negro woman and her increase, without any explanatory words, will not entitle the legatee to a child of the woman, born before the testator’s death. But if there be any expression in the will, showing an intention on the part of the testator, that the child, so born, shall be included in the gift of the mother then the legatee shall take it.
 
 Stultz
 
 v.
 
 Kiser,
 
 2 Ired. Eq. Rep. 538. Here the exception of the girl Thene from the bequest of the woman Lyn and
 
 all her increase,
 
 shows plainly the intention of the testator, that the legates should take all the children,
 
 *206
 
 which Lyn then had, except Thene. And this intention is still more plainly manifested by the testator’s giving, in a subsequent clause of his will, the girl Thene to the same legatee, in the event of his failing to sell her. The construction placed upon the will by the master was therefore right in point of law and must be sustained.
 

 The 6th exception must be over-ruled, because the ox cart, to which it relates, is proven to have been bought by the executor himself and was no part of the testator’s estate.
 

 The 7th exception is over-ruled because it is too general and indefinite.
 

 The 8th exception has raised rather more difficulty than we have found with the others. The allegation in the bill, that the woman Beck, given to Elizabeth McKissack, had a child born in the testator’s life time, is neither expressly admitted nor denied in the answer, and there is no testimony taken upon that point. We cannot, therefore, declare the fact, that there was such a child born as above stated, yet we think that it is manifest from the answer, that the executor believes the fact to be so, and we suspect that it is so. Under these circumstances, the plaintiff may, if he choose, have it referred to the master to enquire whether the woman Beck had a child named Sally born before the testator’s death and living at the time of his death ; and if so wffiat was her value at that time ; and whether the share < f the estate, to which Elizabeth McKissack is entitled under the will, be sufficient to answer for the value of Sally, or of any and what part of such value.
 

 Per Curiam.
 

 Decree accordingly.