Pbabsoit, C. J.
 

 The plaintiff’s exception, because of the' allowance of credits to the amount of $1200, paid to four gentlemen of the bar for counsel fees, viz., their receipts for $300 each, to three attornies, one receipt for $200 to another attorney, and one receipt for $100 paid to one of the- first three-attornies.
 

 It was insisted by the counsel for the- defendants,, that as-there was no evidence, in respect to these vouchers, the Court should presume the disbursement reasonable and proper. The commissioner, it seems, has acted upon this presumption in allowing these vouchers, but the- Court takes a different view of the subject.
 

 
 *387
 
 Besides commissions, an executor or administrator is allowed to retain
 
 “
 
 for necessary charges and disbursements in the management of the estate,” Bev. Code, chap. 46, section 38.. There is no doubt, among the necessary charges, reasonable-fees paid to counsel, are embraced. This construction accords with general usage, and in
 
 Hester
 
 v. Hester, 3 Ire. Eq. 9, am exception, because of an allowance of a counsel fee of $50 was-overruled. So in
 
 Love
 
 v.
 
 Love,
 
 5 Ire. Eq. 201, an exception,, because of an allowance of $39, paid attornies, was overruled,, with a remark by the Court, “ because the plaintiff has failed to show that the charges were improper or unreasonable.”
 

 In our case, the statement of the condition of the estate- “ speaks for itself,” and calls for explanation on the part of the executors, who. claim a credit for so large an amount. The testator was a Scotch merchant, who died in-1857, in the town of Newbern, leaving a stock of goods on hand,, worth some $12,000, and other effects, consisting of money invested, notes, book accounts, &c.; making an estate of some $30,000. A statement made out by Mr. Freeman, by the- direction of the Court, from the papers in the cause, shows- this state- of things:
 

 “ Amount of sale- of good's on- hand,, $11,035 63
 

 Cash- from other sources,. 18,327 02
 

 $29,362 65
 

 Debts of testator,. $5,930 46
 

 Amount paid attornies, 1,308 59
 

 Other charges for administration, 464 95
 

 Commissions, 1,880- 12. 9,384 12'
 

 Exclusive of interest, $19,778 53.>
 

 deducting $108,59, paid to* attornies for special service in. collecting debts, which is not excepted to, leaves $1200,. which, in our opinion, calls- for explanation, particularly, as there was no contest about the probate of the will, no suits in reference to- claims against the estate, and. only a few actions-
 
 *388
 
 were necessary to collect in the estate, 'for which special fees are allowed.
 

 :Eor the purpose of advice in the administration of the estate,
 
 one
 
 attorney would seem to be-enough; certainly, fees paid to
 
 four
 
 attornies, 'for that purpose, is not “ a necessary charge or disbursement -in the management of the estate.” So, in respect to the amount; $1200, ’cannot be a
 
 necessary charge
 
 in the management of the estate. Indeed, the receipt for $100 purports, on its face, to have been a fee for defending one of the executors, Eisher, against a charge of rnal-ad-ministration, and resisting an effort to remove 'him from the executorship, or require him to give bond. So, that was not a
 
 “
 
 charge in the administration of the estate.” The other four receipts are generally for professional services and advice, but we presume the receipts -for so many ‘lawyers, and so large an amount of.fees, originated not in what can be considered the
 
 mcmagement of the
 
 estate, but in a great measure from the bitter misunderstanding between the two'executors, and the litigation which grew -out of their quarrels.
 

 This exception is allowed. A majority of the Court are of opinion that a credit of $100 should be given to each executor, to cover the charge of counsel 'fees, in addition to the .$108,59,-not excepted to.
 

 The account must be reformed in reference to this exception..
 

 PeR Cueiam, Decree accordingly.