THOMAS P. JOHNSTON and wife *v.* THOMAS H. HAYNES.

Where the land of an infant was sold under the decree of a Court of Equity prior to the year, 1862, and the purchase money was in that year paid to the Clerk and Master in Confederate currency, who received it in the absence of instructions not to do so : *it was held* that the guardian of the infant was justified in receiving the same money from the Clerk and Master, and was to be made responsible to his ward only for its value according to the legislative scale.

When the amount of interest with which a guardian is to be charged in his settlement with his ward is doubtful, it is to be decided against him when it appears that his accounts are badly kept.

A settlement made by a guardian with his ward a few days after his coming of age, is not binding upon the latter when it appears that he was without the advice of his friends, and that it was made under circumstances indicative of fraud and circumvention.

Counsel fees paid by a guardian are not to be allowed in his settlement with his ward when it appears that the counsel was employed not for the advantage of the ward, but solely for his own benefit.

When a case is referred without the written consent of the parties as required by the 244th section of the C. C. P., and both parties appear before the referee and examine testimony, and the report is afterwards made and confirmed in the Superior Court, and a judgment given upon it from which an appeal is taken to the Supreme Court, it is too late to object in that Court to the order of reference as having been improperly made in the Superior Court.

This was a CIVIL ACTION, brought in the Superior Court of Rowan upon the bond given by the defendant upon becoming the guardian of the *feme* plaintiff. The object of the suit was to set aside a paper writing which purported to be a receipt in full and a release given by the *feme* before her marriage and a few days after she had arrived at full age, upon the ground that it had been obtained from her in the absence of her friends by fraud and circumvention. The answer of the defendant denied the charges of fraud and circumvention and insisted that the receipt and release was given after a full and fair settlement in the presence, and with the assistance of counsel, to the employment of whom she had agreed.

At the Fall Term, 1870, of the Superior Court, the following entry appears upon the record : " Referred to J. S. Hen-

·derson and Andrew Murphy to try all issues of law and fact." Both parties appeared before the referees and examined testimony, and the referees after hearing counsel on both sides, made up their report and returned it to the Fall Term, 1871, of the Court. It was confirmed and judgment entered upon it, setting aside the receipt and release which the defendant had taken from the *feme* plaintiff, and directing an account of the defendant's guardianship to be taken, &c., and for this purpose it was " referred to Thomas G. Haughton and James E. Kerr to state an account between the plaintiff and defendant, and ascertain what sum, if any, is due the plaintiffs from the defendant as guardian as aforesaid, and that said referees report to the next term of this Court." These referees, after hearing the testimony and proofs of both parties, made their report to the ensuing Spring Term, 1872, of the Court, when both parties by their counsel filed exceptions to the report, all which were overruled by his Honor *Cloud, J.,* and the report was confirmed and a judgment given thereon, from which both parties appealed to the Supreme Court. The following were the exceptions filed by the defendant:

1. That the referees did not allow a credit to the defendant for the sum of $1,385.68, paid by the defendant to the *feme* plaintiff on the 7th December, 1862, with interest since said payment till 15th April, 1872.

2. That the receipt of $3,881.37 given by *feme* plaintiff to the defendant on the 7th December, 1863, was not allowed for the amount therein specified, and that the weight of evidence shows that the payment therein alleged to have been made, was actually made and received as such.

3. That the referees did not allow a credit for $59 paid to *feme* plaintiff by defendant Dec. 7th, 1863.

4. That defendant has been charged with interest on the whole amount of the proceeds of the real estate from Dec. 7th, 1862, when a large proportion thereof was not, nor

JOHNSTON and wife *v.* HAYNES.

could have been received by defendant till December 7th, 1863.

5. That defendant is not credited with the sum of $25 paid to S. Blackmer, Dec. 7th, 1863.

The 6th, 7th and 8th exceptions were that the defendant was not allowed certain sums on account of errors in the calculation of interest.

*Dupre* and *Jones & Jones,* for plaintiff.
*Fowle* and *Bailey, Blackmer & McCorkle,* for defendant.

READE, J. In this case there were exceptions on both sides and both sides appealed. In this branch of the case only the defendant's exceptions are considered.

1. The first exception is allowed in part. It appears that $3,150 was the whole amount of the land money paid over by Clerk and Master Blackmer to the defendant. He is charged with the amount as of 7th December 1862, with interest from that time. It is evident however from the testimony of the defendant himself and from the testimony of Blackmer that he had received a part of the land money several years before $400 in 1859 and $1,000 in 1860. It does not appear clearly and it is the fault of the defendant that it does not, but we assume as probable that the balance due of the land money on 7th December, 1862, was $1,385 and that sum was paid over to the defendant by Blackmer in Confederate money, and that is the amount embraced in the exception which we are now considering.

We assume also that Blackmer had received the Confederate money in 1862 or before, and that without instructions to the contrary he was authorized to receive it, and if he was authorized to receive it, then the defendant was authorized to receive it also. Instead, therefore, of charging the defendant with $3,150 land money, 7th December, 1862, he ought to be charged with that sum less $1,385, and then not with the

$1,385 of Confederate money, but with its value according to the legislative scale, ascertained by the scale with the gold premium added. But the interest item must not be altered, because, although he is charged with too much interest on the land money after 7th December, 1862, he is charged with no interest at all on what he had received prior to that time. And although this rule may not be precisely accurate, it is as near as we can come to it, and it is the defendant's fault that the account was badly kept. So that the effect of our ruling is to deduct from the item of $3,150, the difference between $1,385 and the value of $1,385 of Confederate money as of 7th December, 1862, to be ascertained by the legislative scale with the gold premium added, to be ascertained by the report of the gold market at this time. And the Clerk here will make the inquiry and the calculation.

2. The second exception is disallowed, because it appears that the settlement was made a few days after the ward plaintiff arrived at age, and when she was without the advice of her friends and under circumstances indicating fraud and circumvention.

3. The third exception is disallowed, not being supported by the facts.

4. The fourth exception is disallowed, for the same reason stated in considering the first exception, that although the defendant may be charged with too much interest at one time, he is charged with none at all at another, and the confusion is of his own fault.

5. The fifth exception is disallowed because the circumstances indicate strongly that Blackmer was employed by defendant not for the advantage to the plaintiff of his professional aid in making a fair settlement with the plaintiff, but as a device to cover a fraud.

6, 7, 8. The 6th, 7th and 8th exceptions involve only clerical calculations, which the Clerk here will make, and if the errors exist the exceptions will be allowed.

JOHNSTON and wife *v.* HAYNES.

When the account is reformed in the particulars indicated, there will be judgment here for the the plaintiff for the amount found to be due by the Clerk.

It seems that the case was referred below without the written consent of the parties: C. C. P., s.   , but without objection at Fall Term, 1870. Both parties appeared before the referees and offered evidence. At Fall Term, 1871, the referees reported, and their report was confirmed without exceptions. It was then referred again without written consent, but without objection, to other referees to state an account, and both parties appeared before the referees and offered evidence. At Spring Term, 1872, a report was made, and both parties filed exceptions and both parties appealed. In this Court for the first time the defendant excepts to the reference as being without the written assent of the parties. We think that it is too late.

Judgment modified and judgment here for plaintiff. .

PER CURIAM.                    Judgment affirmed.