KELLY v. ODUM.

(Filed October 17, 1905).

*Executors and Administrators—Allowances for Attorneys'*
*Fees—Good Faith of Representative—Costs.*

1.  A personal representative has the right to employ an attorney when-
    ever it is necessary to protect the estate, or to enable him to
    manage it properly, and on the settlement of his accounts he
    will be allowed credit, as part of the expenses of administration,
    for the reasonable charges paid by him for such services.

2.  Such an allowance is always based upon the prudence and good
    faith of the trustee, and credit will not be given if litigation
    has been improperly instituted by him or was the result or con-
    sequence of his neglect, or improper conduct, benefit to the estate
    being generally necessary to charge the estate with an expendi-
    ture of this character.

3.  Where an administrator c. t. a. made no defense to a suit brought
    by his father, but permitted judgment to be taken by default,
    and then brought a proceeding to charge the land of his testator
    with the payment of the judgment thus obtained, and two juries
    decided that there was nothing due to his father, *held,* that it was
    error to tax against the defendant, who was a purchaser from the
    devisees, as a part of the costs, an allowance for attorney's fee
    paid by the administrator for bringing and prosecuting the
    latter proceeding.

4.  An executor is always personally liable to his counsel for his fee,
    but it is in no sense a debt of the estate.

ACTION by Ira L. Kelly, Administrator, with the will
annexed of T. K. Byrd, against S. R. Odum and others,
heard by *Judge O. H. Allen,* at the May Term, 1905, of the
Superior Court of SAMPSON County, upon the referee's re-
port on a motion to retax the bill of costs. From a judgment
in favor of the plaintiff, the defendant, Odum, appealed.

The executor of the will of T. K. Byrd having renounced,
the plaintiff qualified as administrator with the will annexed,

and on the day of his qualification was sued by his father, Thomas Kelly, before a magistrate, for one hundred dollars alleged to be due by the testator for services rendered in nursing him.  Plaintiff did not resist a recovery, but permitted judgment to be taken by default.  This was in 1891. Plaintiff then commenced this proceeding to have the testator's land sold to pay said judgment and a debt to another party of $7.50 due for medical services, which was admitted. The land was bought from the devisees by the defendant, who denied that anything was due to Thomas Kelly, and, it seems, impeached the judgment taken before the magistrate as having been obtained fraudulently.  An issue was submitted to the jury, based upon this defense, who found that there was nothing due to Thos. Kelly.  This verdict was set aside and the issue was submitted to another jury at a subsequent term, who found in the same way, that there was nothing due.  Defendant was adjudged to pay the costs of the proceeding and the charges of administration.  The clerk taxed in the bill $20 for attorney's fee paid for bringing and prosecuting this proceeding, to which exception was taken by the defendant. The court directed the clerk as referee to ascertain and report if the services for which the fee was charged were rendered "in the interest of a fair administration of the estate and was a reasonable allowance."  The clerk reported "as a fact" that the services were rendered "in the interest of a fair administration of the estate," and that $20 was not an unreasonable charge therefor.  The court thereupon rendered judgment against the defendant for the costs and charges, including said fee.  Defendant excepted and appealed.

*Grady & Graham* for the plaintiff.
*Geo. E. Butler* and *J. D. Kerr* for the defendant.

WALKER, J., after stating the case: The statute provides that an executor may be allowed commissions and may retain

for necessary charges and disbursements in the management of the estate. Code, section 1524. Compensation is allowed in order to reward him, not only for his time, labor and trouble in administering the estate committed to his charge, but also for the responsibility incurred and for the fidelity with which he discharges the duties of his trust—the theory of compensation being that it is incident to faithful administration—and it should not be allowed if there has been neglect or improper conduct whereby the estate has suffered loss. In the case of charges and disbursements the same rule applies, and the statute provides that they must have been necessary to a proper management of the estate. Included in legal charges and disbursements, are sums paid to an attorney or counsel for professional services rendered to the personal representative. The latter has the right, unless restricted by statute, as he is not in this State, to employ an attorney whenever it is necessary to protect the estate or to enable him to manage it properly, and on the settlement of his accounts he will be allowed credit, as part of the expenses of administration, for the reasonable charges paid by him for such services. 11 Am. & Eng. Enc. of Law (2nd Ed.), pages 1240 and 1282. It has ever been the ruling of this court, founded of course to some extent upon the provision of the statute, that reasonable fees paid counsel for advice and assistance in the management of a trust, and even in meeting a demand by action for a settlement, will be allowed to the trustee, whenever the services were necessary or proper and the payment made fairly on account of the trust estate. *Young v. Kennedy,* 95 N. C., 265; *Hester v. Hester,* 38 N. C., 1; *Love v. Love,* 40 N. C., 201; *Fairbairn v. Fisher,* 58 N. C., 385; *Whitford v. Foy,* 65 N. C., 265. We have recognized and applied the general principle at this term in *Lumber Co. v. Pollock.*

But while such an allowance will be made, it must be remembered that it is always based upon the prudence and good

faith of the trustee. Therefore, the credit will not be given if litigation has been improperly instituted by him or was the result or consequence of his neglect or improper conduct, benefit to the estate being generally necessary to charge the estate with an expenditure of this character. Commissions and allowances, as we have shown, are both intended as a recompense for honest and faithful service only, and are never awarded to one who has been guilty of a breach of duty. *Johnston v. Haynes,* 68 N. C., 509; *Whitford v. Foy, supra; Grant v. Reese,* 94 N. C., 720; 11 Am. & Eng. Enc., *supra,* 1281. Applying this just and well settled principle to our case, we find that the plaintiff made no defense to his father's suit, which followed upon the very heels of his administration, but allowed judgment to be taken without any effort being made to ascertain the justness of the claim preferred. He immediately brought this suit to charge the land of his testator with the payment of the judgment thus obtained, and two juries have decided that there is nothing due to his father. The attack on the judgment is made directly, and it appears that it was founded upon an allegation of collusion or connivance. We take it that this was the true ground, as the jurisdiction of the justice must be conceded, and there was no other suggested, nor can we conceive of any other under the circumstances. *Earp v. Minton,* 138 N. C., 202. If the plaintiff had resisted the claim at the proper time, and in the proper way, that is, in the magistrate's court, and by defending the action there, this proceeding would perhaps not have been necessary, and the developments tend clearly to show that it would not have been. Instead of doing so, he is now placed in the attitude of prosecuting for his father a claim against the devisees, which two juries have said is absolutely without any merit. It would indeed be hard measure if the law should charge the defendants with the expenses incurred in such a prosecution. Fortunately, we are able to think that it does not, and we so declare. The rule

requiring perfect good faith on the part of the trustee in such cases is a wholesome one, and we are not disposed to abate its stringency or to stay in the least its full operation. It may be that the alleged debt is a just one; if so, it is the misfortune of the plaintiff that he has not succeeded in convincing either of the two juries of the fact. Whether in any case he should be allowed the amount of an 'attorney's fee paid in attempting to charge his testator's estate with the payment of a debt, and thereby espousing the cause of a creditor, is a question which it is not necessary for us to decide.

The plaintiff has paid his attorney, and properly, as he was clearly liable to him. What we have said has no application as between them. An executor is always personally liable to his counsel for his fee or compensation, but it is in no sense a debt of the estate. He is liable in such case in his individual and not in his official capacity. This is perfectly familiar learning. *McKay & Devane v. Royal,* 52 N. C., 426; *Banking Co. v. Morehead,* 122 N. C., 323; *Lindsay v. Darden,* 124 N. C., 309. As *Pearson, J.,* said for the court, in *Hailey v. Wheeler,* 49 N. C., 159, "It is not possible to conceive how a debt of the testator can be created by a matter occurring wholly in the executor's time." But if the disbursement is found to be a proper one, it will be allowed to the executor in his settlement. In this case we hold that, however reasonable and just the disbursement may have been as between the plaintiff and his attorney, it is not a proper charge against the defendant, and it will be stricken from the bill.

There was error in the ruling of the court.

Error.