MAUDE E. BRICKELL, FRANK CLARK AND WILLIAM B. BRICKELL, AS ''EXECUTORS OF THE ESTATE'' OF MARY BRICKELL, DECEASED, *Plaintiffs in Error*, v. G. E. Mc-CASKILL AND J. M. McCASKILL, PARTNERS AS McCASKILL AND McCASKILL, *Defendants in Error.*

Division A.

Opinion Filed November 2, 1925.

1. Common law pleading is in force in this State except as modified by statute or the rules promulgated by the Supreme Court. The purpose of all pleading under the system in force in this State is to arrive quickly and definitely at a certain and single material issue upon which the controversy may be determined.

2. Where a person employs an attorney to perform certain legal work for her in and about effecting an exchange of real estate between her and another person, the death of the employer terminates the employment.

3. Upon the death of the owner of lands the title to the lands descends to the heirs of such owner. Employment of an attorney by the executors of the will of such deceased owner to render services affecting such lands, in the absence of any showing to the contrary, is not such an agreement as the executors of the will of such owner are empowered to make for the estate of the deceased.

4. Services rendered by an attorney for a person who dies before such services are completed constitute a claim against the deceased person's estate to the extent of the value of the services rendered before the death of the deceased employer for which judgment *de bonis propriis* may be entered in a proper action..

5. An executor should be sued in his individual capacity on contracts made by him for services of an attorney and whatever judgment may be recovered in such action may or may not

be allowed by the probate court in the settlement of the executor's accounts with the estate..

6. A fiduciary charged with the management of property whether as executor or otherwise may employ counsel when necessary or proper to protect the estate or to enable him properly to manage it and the reasonable charges for such services will be paid out of the estate; but such charges will be allowed by the judge of probate in the settlement of the executor's accounts.

A Writ of Error to the Circuit Court for Dade County; Mitchell D. Price, Judge.

Judgment reversed.

*Frank Clark, Jr.,* for Plaintiffs in Error;

*Thomas B. Everhardt,* for Defendants in Error.

ELLIS, J.—The defendants in error brought an action against Maude E. Brickell, Frank Clark and William B. Brickell as "Executors of the Estate" of Mary Brickell, deceased.

No exception being taken to the description of the capacity in which the defendants were sued it will be treated as an action against them in their representative capacity as executors of the will of Mrs. Brickell.

The action rested upon a *quantum meruit* for professional services alleged to have been rendered by the plaintiffs in part during the lifetime of Mrs. Brickell, and completed after her death with the knowledge and consent of her executors.

There are five counts in the declaration; the last two are for work done and services rendered by the plaintiffs for the defendants at their request and on account stated between them.

The first count is also a common count for "money payable by the said defendants to the said plaintiffs for work done and services rendered by the plaintiffs for the defendants at their request," supplemented by a statement at some length as to when the services began, and of what they consisted.

The statement is to the effect that Mrs. Brickell requested the plaintiffs to perform the service, that she died before the service was completed, and that the defendants, her executors, "acquiesced in the said services being performed by plaintiffs and authorized and employed plaintiffs to *continue* said services until same were completed, and accepted the results thereof." The statement alleged that $5,000.00 is "a reasonable compensation for said services" and that the defendants and Mary Brickell have failed to pay the same.

The second count is for "money payable by the defendants to the plaintiffs for work done and services rendered by the plaintiffs upon the special instance, and request of the said Mary Brickell, deceased."

This count is supplemented by a statement as to the nature of the services rendered, that Mrs. Brickell died and the "defendants named herein acquiesced in plaintiffs' said services and authorized and employed plaintiffs to continue said services," until completed.

The jury found for the defendants on this count; so it need not be further noticed.

The third count is for "money payable by the defendants to the plaintiffs for work done and service rendered."

This is also supplemented by a recitation that the services were rendered at the "special instance and request of the said Mary Brickell," that it consisted of certain services in conveyancing.

It is not stated that Mrs. Brickell died before the completion of the services, but it is alleged that the defendants

have "acquiesced and recognized said work and employ-
ment, and have promised and agreed to pay plaintiffs said
amount, but have failed and refused" to do so.    It is
also alleged that Mrs. Brickell failed to pay for the services.
One hundred and fifty dollars is alleged as a reasonable
compensation for the work.

The defendants pleaded to all counts.  First, that "They
never were indebted as alleged."  Second, that, "The said
Mary Brickell never was indebted as alleged."

To the first count they also pleaded, first, "The amount
of Five Thousand Dollars is not a reasonable compensation
for the services alleged."  Second, "The said Mary Brickell
had not failed or refused to pay the same or any part
thereof."

To the third count they pleaded, first, "The defendants
have not acquiesced in and recognized said work and em-
ployment."  Second, "The defendants have not promised
and agreed to pay plaintiffs said amount, to-wit, One Hun-
dred and Fifty Dollars."

Upon this issue the parties went to trial and the jury
returned a verdict for the plaintiffs on the first and third
counts of the declaration and assessed their damages at
$5150.00, and interest at $407.53.  Judgment *de bonis testa-
toris* was rendered upon the verdict and the defendants
took a writ of error.

The defendants, by pleading, and the plaintiffs in accept-
ing the plea of never was indebted, treated the first and
third counts as common or money counts, which, in reality,
they were, being supplemented by a statement of the facts
by which it was intended to support them.    Section 2648-
2666, Revised General Statutes; Rule 64 Circuit Courts,
Law Actions.

The pleadings in an action at law are designed to de-
velop and present the precise points in dispute.   Common
law pleadings are in force in this State, except as modified

by statutes or the rules promulgated by the Supreme Court. The purpose of all pleading under the system in force in this State is to arrive quickly and definitely at a certain and single material issue upon which the controversy may be determined. See Florida East Coast R. Co. v. Knowles, 68 Fla. 400, 67 South. Rep. 122; Atlantic Coast Line R. Co. v. State, 73 Fla. 609, 74 South. Rep. 595; Mechanics & Metals Nat. Bank of City of New York v. Angel, 79 Fla. 761, 85 South. Rep. 675; Sovereign Camp of W. O. W. v. McDonald, 76 Fla. 599, 80 South. Rep. 566; Seaboard Air Line Ry. v. Rentz & Little, 60 Fla. 429, 54 South. Rep. 13.

The second plea to the third count was inapplicable. It is appropriate to an action on simple contract. Nor was the first plea to that count appropriate. See Rule 64, Circuit Courts, Law Actions

The first plea to the first count was mere surplusage, presenting no issue, and the second plea to that count was merely a denial of the debt and was fully covered by the plea of the genral issue as was the first plea which seemingly questioned the amount of damages alleged to have been sustained.

So the issue upon which the parties went to trial was whether Mrs. Brickell or the defendants, in their representative capacity, did any act binding upon the estate that amounted to an employment of the plaintiffs for legal services in and about the matters alleged.

The burden of proof was upon the plaintiffs.

It appears from the recitals in the declaration, as well as by the evidence, that the plaintiffs' claim rests in part upon an implied promise of Mrs. Brickell to pay the plaintiffs a reasonable compensation for the services alleged to have been rendered by them for her benefit and partly upon an implied promise of the executors of her will to pay the plaintiffs for the services rendered by them after Mrs. Brickell's death.

The particular employment, described in the declaration of the attorneys by Mrs. Brickell, if they were so employed by her, terminated at her death. See 2 R. C. L. 959.

The services were to be performed in and about the transfer of certain of her real estate, located in and near the City of Miami, and the procuring of the passage of a city ordinance abandoning part of a certain street and quitclaiming the land to her. When she died these lands descended to her heirs, not to her executors. It does not appear that the personal property of the estate was insufficient to pay the debts of the deceased, nor the legatees under her will. The continuation of the employment of the attorneys by the executors in relation to a matter for the benefit of the heirs of Mrs. Brickell, in whom the title to her lands vested upon her demise, does not appear to be such an agreement as the executors were empowered to make for the estate.

Therefore, so much of the plaintiffs' claim as had been earned by them before the death of Mrs. Brickell was properly the subject of an action against her legal representatives; but so much of it as was earned by service after her death upon the request of the defendants, if such was the fact, is the subject of an action against the defendants in their individual capacity, for which judgment may be recovered *de bonis propriis.*

Any amount so recovered against the defendants in their individual capacity, if the same was a matter properly chargeable to the estate—that is to say a matter about which they as executors were empowered to contract for the benefit of the estate—may be allowed to them by the probate court in the settlement of their accounts. See Luscomb v. Ballard, Executor, 5 Gray. (Mass.) 403; 11 American and English Encyclopaedia of Law (2 ed.) 1240.

An executor should be sued in his individual capacity on contracts made by him for payment for services of an

attorney. Kelly v. Odom, 139 N. C. 278, 51 S. E. Rep. 953; Tucker v. Grace, 61 Ark. 410, 33 S. W. Rep. 530; Pike v. Thomas, 62 Ark. 223, 35 S. W. Rep. 212.

Where the services to be rendered by the attorney employed by the executor relate only to lands of which the testator died seized, the title to which goes to the heirs and not the executor, not only is the executor liable therefor in his individual capacity but it is not possible, as was said by the Supreme Court of North Carolina in Hailey v. Wheeler, 49 N. C. 159, ''to conceive how a debt of the testator can be created by matter occurring wholly in the executor's time.'' 11 American and English Encyclopaedia of Law (2 ed.), 1247.

A fiduciary charged with the management of property, whether as executor or otherwise, may employ counsel when necessary or proper to *protect* the estate, or to enable *him* properly to manage it, and the reasonable charges for such services will be paid out of the estate. Kingsland v. Scudder, 36 N. J. Eq. 284. But the charges will be allowed by the judge of probate in the settlement of the executor's accounts. Baker v. Moor, 63 Maine 443.

But in this case the employment was made not to protect the estate, or to enable the executors properly to manage it, but for the benefit of the heirs to whom the title to the land descended upon the demise of Mrs. Brickell.

The judgment against the estate, therefore, for the entire value of the services alleged to have been rendered to the testator and the executors, was erroneous.

As there was a failure of proof as to the value of the services rendered to Mrs. Brickell before her death under the first count, the court should have directed a verdict for the defendants on that count.

The judgment is reversed without prejudice to any legal rights the plaintiffs may have to pursue their remedies in accordance with the views expressed in this opinion.

WEST, C. J., AND TERRELL, J., concur.

WHITFIELD, P. J., AND STRUM, J., concur in the opinion.

BROWN, J., not participating.