383 So.2d 1093 (1980)
BEC CONSTRUCTION CORPORATION and Liberty Mutual Insurance Company, Appellants,
v.
Luis GONZALEZ (Deceased) and Eufelia Gonzalez, Appellees.
No. QQ-222.
District Court of Appeal of Florida, First District.
February 13, 1980.
On Rehearing April 17, 1980.
On Motion For Clarification On Rehearing June 5, 1980.
*1094 Summers A. Warden, Coral Gables, for appellants.
George F. Taylor, Jr., of Spencer & Taylor, Miami, for appellees.
PER CURIAM.
The employer/carrier seek review of an order of the judge of industrial claims wherein attorney's fees were granted based upon obtaining payment of a hospital bill. Eufelia Gonzalez cross-appeals contending the judge of industrial claims erred in finding she was not entitled to dependency benefits. Because of the jurisdictional question involved, we do not reach the merits of this appeal.
Luis Gonzalez died on July 12, 1975, as a result of an industrial accident. A claim for benefits, in his name, was filed July 15, 1975. An amended claim, requesting additional benefits and a notice of death was filed July 25, 1975; the estate of Luis Gonzalez was never substituted as a party on the claim. Although no claim was actually filed in her name Eufelia Gonzalez claims dependency benefits.
Death of a client terminates the relationship that exists between an attorney and his client and the attorney's authority to act by virtue thereof is extinguished... . Accordingly, unless there has been a substitution of parties, e.g., a personal representative appointed for the estate of the deceased, a claim for benefits on behalf of a client who is dead is a nullity.
Autry v. J.M. Booth Trucking Co., 6 FCR 163, 165 (1967). No proper claim ever having been filed in this cause, the judge of industrial claims had no jurisdiction and this court has none. Lancaster v. General Development Corp., IRC Order 2-3115 (1977); Curl v. City Economy Cab Co., 4 FCR 288 (1960).
Although the parties below stipulated that Eufelia Gonzalez could receive any benefit to which Luis Gonzalez would have been entitled, this stipulation had no effect. Subject matter jurisdiction cannot be conferred by agreement of the parties. Wilds v. Permenter, 228 So.2d 408 (Fla. 4th DCA 1969).
We, therefore, dismiss this appeal without prejudice and remand for dismissal of the claim without prejudice.
MILLS, C.J., and McCORD, J., concur.
BOOTH, J., dissents with opinion.
BOOTH, Judge, dissenting.
I dissent from this court's retention of jurisdiction in this case, which arose outside the territorial jurisdiction of the court. See Crews v. Town of Bay Harbor, 378 So.2d 1265 (Fla. 1st DCA 1979).
On the merits, I would concur in the majority's opinion.

ON PETITION FOR REHEARING GRANTED
Appellee/cross-appellant Eufelia Gonzalez filed a motion for rehearing contending that we overlooked her having filed a claim as a claimant for dependency benefits. She calls attention to a letter contained in the record dated January 16, 1976, from her attorney to the Judge of Industrial Claims captioned "Amended Claim." In the letter, her attorney requested that the claim be *1095 amended to include two other persons as dependents of the decedent Luis Gonzalez and states:
"The claimants, therefore, are to be Eufelia Gonzalez, Decoroso Gonzalez and Erminda Gonzalez."
It is questionable whether this letter constitutes a claim by Eufelia Gonzalez (decedent's older sister) for dependency benefits, but affording her the benefit of the doubt, we will treat the letter as a claim for such benefits. This, however, does not affect our previous dismissal of the appeal without prejudice insofar as such dismissal relates to matters other than Eufelia's claim for dependency benefits.
We have reviewed the record and briefs and find there is competent substantial evidence to support the finding of the Judge of Industrial Claims that Eufelia did not stand in the position of a parent to the decedent and was not dependent upon him. Eufelia's cross-appeal of the order denying dependency benefits to her is, therefore, affirmed.
MILLS, C.J., and McCORD, J., concur.
BOOTH, J., dissents with opinion.
BOOTH, Judge, dissenting:
I dissent. Crews v. Town of Bay Harbor Islands, 378 So.2d 1265 (Fla.1st DCA 1979).

OPINION ON MOTION FOR CLARIFICATION OF OPINION GRANTING PETITION FOR REHEARING
Upon consideration of appellants' and appellee's motions for clarification of our previous opinion on petition for rehearing, we make the following clarification:
The Judge of Industrial Claims correctly denied Eufelia's claim for dependency benefits. He erred in recognizing a claim for attorney's fees, however, as Luis Gonzalez was deceased when his former attorney sought payment of the hospital bill and a personal representative was not substituted. The order is affirmed as to its denial of dependency benefits but is reversed in other respects for lack of jurisdiction as pointed out in our original opinion. Pursuant to the directions of our original opinion, the cause is remanded for dismissal of the claim in such other respects without prejudice.
MILLS, C.J., and McCORD, J., concur.
BOOTH, J., dissents.