394 So.2d 212 (1981)
Donald ROGERS, Appellant,
v.
CONCRETE SCIENCES, INC., and Liberty Mutual Insurance Company, Appellees.
No. WW-235.
District Court of Appeal of Florida, First District.
February 23, 1981.
*213 David L. Kahn of Kahn & Gustafson, Fort Lauderdale, for appellant.
C. Randal Morcroft, Fort Lauderdale, for appellees.
MILLS, Chief Judge.
We affirm the Deputy Commissioner's denial of claimant's attorney's Motion to Enforce Settlement.
The relevant facts in this case are not in dispute. Claimant Rogers was injured in an accident on 26 September 1978. On 4 February 1980, the employer-carrier made an offer to settle the claim. The claimant died on 12 February 1980 and eight days later claimant's attorney accepted the settlement offer on behalf of the claimant and his estate.
Under Section 440.20(10), Florida Statutes (1978), a lump sum settlement agreement between an employer-carrier and the claimant is not final and enforceable until or unless it has been approved by the Deputy Commissioner. Brantley v. A.D.H. Building Contractors, Inc., 215 So.2d 297 (Fla. 1968). Either party may legally withdraw from a settlement agreement prior to the Deputy Commissioner's approval.
The second basis for our affirmance is on grounds not raised by the parties. Claimant's attorney urges that under the general principles of contract law, workers' compensation law aside, a settlement agreement in writing should be enforced. We fail to concur with the basic premise of this contention that there was a contract. The facts establish that the client died after the written offer was made by the employer-carrier but before the offer was accepted. The death of a client terminates the relationship between the attorney and client and the attorney's authority to act by virtue thereof is extinguished. Bec Construction Corp. v. Gonzalez, 383 So.2d 1093 (Fla. 1st DCA 1980). See also Brickell v. McCaskell, 106 So. 470, 90 Fla. 441 (1925). Thus, the attorney here had no authority to accept the offer under the circumstances.
We are aware of Section 709.01, Florida Statutes (1978), which makes lawful any act by an attorney for the principal that would have been lawful if the principal were still living, but that statute is applicable only when the attorney did not know of the principal's death at the time the action was taken. The facts of this case show that the attorney knew of the client's death at the time he purported to accept the offer.
AFFIRMED.
ROBERT P. SMITH and WENTWORTH, JJ., concur.