PER CURIAM.
We affirm the deputy commissioner’s finding that claimant’s meningil en *35 cephalitis was causally related to claimant’s employment and is, therefore, compensable. We also hold the deputy did not err in admitting the declarations made by the claimant prior to his death. See § 440.-29(1), Fla.Stat. (1977).
However, we reverse the deputy’s order insofar as it awards temporary total disability benefits to the deceased claimant and awards the payment of medical bills of Dr. Stage, North Shore Hospital, Veteran’s Administration Hospital and the physicians practicing medicine at each institution in connection with this case.
Since the personal representative of the deceased’s estate was not substituted as a party for the claim for temporary total disability benefits, we dismiss the claim without prejudice so that a proper substitution may be made. B.E.C. Construction Corp. v. Gonzalez, 383 So.2d 1093 (Fla. 1st DCA 1980).
The award of payment of medical bills is reversed since these bills were never introduced into evidence. Decks, Inc. of Florida v. Wright, 389 So.2d 1074 (Fla. 1st DCA 1980); American Grinding and Equipment v. Rodman, 411 So.2d 917 (Fla. 1st DCA 1982).
Accordingly, the order is affirmed in part and reversed in part and remanded for proceedings consistent with this opinion.
MILLS, LARRY G. SMITH and SHAW, JJ., concur.