ZEHMER, Judge.
The employer and carrier appeal a workers’ compensation order granting Luis Car-mona temporary partial and temporary total disability benefits, payment of certain medical bills and attendant care, and other costs. We affirm the order as hereinafter modified.
The original claimant, Luis Carmona, died after the conclusion of the final hearing and before entry of the final order. At a hearing on the motion by claimant’s counsel for substitution of claimant’s wife, Ter-esita Carmona, as representative for the deceased claimant, the deputy commissioner allowed counsel for the employer and carrier to take her deposition before ruling on the motion. The deposition has not been filed of record, and no further order has been entered by the deputy commissioner on the motion to substitute Teresita Carmo-na. The final order entered by the deputy, however, is styled “Luis Carmona, deceased/claimant, and Teresita Carmona, claimant/widow v. Xtra Super Food Center and Travelers Insurance Co., employer/carrier.” Since deceased persons cannot be parties to a judicial or quasi-judicial proceeding, the deputy commissioner, upon receipt of notice of claimant’s death, should have entered an order appointing some other person to serve in a representative capacity in respect to claimant’s pending claim. Although no such order was formally entered in this case, in the interest of conserving judicial time and energy, we treat the deputy commissioner’s amendment of the style in the final order as a determination that claimant’s wife should be substituted for the deceased claimant as the proper party to this action.
The first issue raised on appeal is whether the record contains competent, substantial evidence to support the deputy commissioner’s finding that the head trauma suffered by claimant aggravated his preexisting brain lesion and produced an onset of disabling symptoms and accelerated growth of the tumor. After carefully reviewing the record, we find sufficient evidence to require affirmance on this issue.
The second issue on appeal relates to the deputy’s statement in the final order that “parenthetically or perhaps, predictably, the employee died from this condition on November 3, 1986,” and “thus, I find that the evidence in this case leads to the conclusion that the head trauma suffered by the employee on 8/31/85 aggravated a preexisting brain lesion producing an onset of disabling symptomatology and acceler *302 ated the growth of the tumor which produced the foreseeable consequences of the condition: death.” The employer and carrier complain that claimant’s death occurred subsequent to the final hearing and, thus, no issue concerning the cause of death or acceleration of death was ripe for determination at that hearing. We agree and strike the quoted references to the extent that such references purport to determine the cause of death. While competent, substantial evidence supports the finding that the head trauma aggravated the preexisting condition and caused disability, the cause of death was not properly before the deputy and is, thus, not properly a subject of this final order. Our holding is, however, without prejudice to either party to litigate the cause of death or the acceleration of death pursuant to a claim for death benefits, should one be filed.
As hereinabove modified, the appealed order is AFFIRMED.
WENTWORTH and NIMMONS, JJ., concur.