# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-2655
_____

RAYMOND STAINES, as Personal
Representative of the Estate of
Nora Staines,

     Appellant,

     v.

R.J. REYNOLDS TOBACCO
COMPANY, PHILIP MORRIS USA
INC., LORILLARD TOBACCO
COMPANY, and LORILLARD, INC.,

     Appellees.

_____

On appeal from the Circuit Court for Duval County.
Russell L. Healey, Judge.

February 8, 2018


PER CURIAM.

This is a companion case to *In re 73 Engle-Related Cases*, 1D-16-2651 (Fla. 1st DCA 2018), involving an *Engle*, personal injury lawsuit filed on behalf of Ms. Nora Staines, who was already deceased when her case was filed. Unbeknownst to her attorneys, Ms. Staines died a couple of months prior to her complaint being filed. Then eight years later, sometime after her attorneys discovered that she had died and the tobacco company defendants had moved to dismiss, counsel sought leave to amend the

complaint, substitute Mr. Raymond Staines (the personal representative of Ms. Staines' estate) as the plaintiff, and convert the case into a survival or wrongful death action. The trial court denied plaintiff's motion and dismissed the case with prejudice, along with seventy-three other *Engle* actions filed on behalf of dead persons that are described in *In re 73 Engle-Related Cases*. Mr. Staines then appealed on behalf of Ms. Staines' estate.

We affirm for the same basic reasons detailed in our opinion in *In re 73 Engle-Related Cases*. Shortly stated, we find no legal error in the trial court's decision to dismiss the lawsuit filed by counsel on behalf of Ms. Staines because "deceased persons cannot be parties to a judicial or quasi-judicial proceeding." *Xtra Super Food Ctr. v. Carmona*, 516 So. 2d 300, 301 (Fla. 1st DCA 1987). Plaintiff's counsel had no authority after Ms. Staines' death to file and maintain a personal injury case in her name. *Rogers v. Concrete Scis., Inc.*, 394 So. 2d 212, 213 (Fla. 1st DCA 1981) (noting that "[t]he death of [the] client terminates the relationship between the attorney and client and the attorney's authority to act by virtue thereof is extinguished"). *BEC Constr. Corp. v. Gonzalez*, 383 So. 2d 1093, 1094 (Fla. 1st DCA 1980) (same). And thus, the complaint filed in this case did not confer jurisdiction on the trial court, nor does it provide a basis upon which an amended complaint can now relate back. *See BEC Constr.*, 383 So. 2d at 1094 ("No proper claim ever having been filed, . . . [the court] had no jurisdiction."); *DeArmas v. Blonstein*, 356 So. 2d 1339, 1340 (Fla. 3d DCA 1978) (affirming the dismissal of a personal injury claim where the plaintiff died before the lawsuit was filed).[*]

---

[*] We additionally reject Mr. Staines' argument based on *Sams v. GA W. Gate, LLC*, No. CV415-282, 2016 WL 3339764 (S.D. Ga. June 10, 2016), that the inclusion of two living, unrelated parties with unrelated claims in the initial complaint gave the court jurisdiction over Ms. Staines' claims. *Engle*-progeny claims are "highly individualized" and were explicitly required by the Florida Supreme Court to be filed as "individual actions." *Engle v. Liggett Grp., Inc.*, 945 So. 2d 1246, 1254, 1270 n.12 (Fla. 2006). The insertion of random, unrelated parties into the deceased named

2

As in *In re 73 Engle-Related Cases*, we also affirm because the trial court committed no error in denying the 2016 motion to amend the complaint. The record indicates that plaintiff's counsel delayed informing the court of Ms. Staines' October 2007 death by not moving to amend the complaint and correct its allegations until 2016, more than eight years after the case was first filed. Under these circumstances, we cannot conclude that the trial court abused its discretion by denying the motion. *See In re Engle Cases*, 767 F.3d 1082, 1119-20 (11th Cir. 2014) (finding no right to amend because of "years of unjustifiable delay and obfuscation").

AFFIRMED.

ROBERTS, OSTERHAUS, and M.K. THOMAS, JJ., concur.

───────────────────────

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

───────────────────────

John S. Mills and Courtney Brewer of The Mills Firm, P.A., Tallahassee, for Appellant.

Geoffrey J. Michael and Daphne O'Connor of Arnold & Porter Kaye Scholer LLP, Washington, D.C., for Appellee Philip Morris USA Inc.; Charles R.A. Morse of Jones Day, New York, for Appellee R.J. Reynolds Tobacco Company.

---

plaintiff's lawsuit here did not impart life to her highly individualized claim.