DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JOHN O. WHEELER, JR.,

Appellant,

v.

JENNIFER C. DOVEY,

Appellee.

No. 2D2023-2363
_____

October 30, 2024

Appeal from the Circuit Court for Pinellas County; Thomas M. Ramsberger, Judge.

Sheila M. Lake of Lake Law Firm, P.A., St. Petersburg, for Appellant.

Matthew D. Weidner of Weidner Law, P.A., St. Petersburg, for Appellee.

CASANUEVA, Judge.

John O. Wheeler, Jr., appeals the circuit court's order granting Jennifer Dovey's Motion to Determine Attorney's Fees and Costs and awarding $50,090.10 in attorney's fees and costs. Because no party who was entitled to the reimbursement of fees or costs remained in the action after the death of Ms. Dovey, we conclude that the award of attorney's fees was erroneous, and we reverse.

I.      PROCEDURAL BACKGROUND

In 2018, Mr. Wheeler and his now former wife filed a civil action against Ms. Dovey—their child—seeking to partition by sale certain real property jointly owned with Ms. Dovey. During the course of litigation, the circuit court entered an order granting Ms. Dovey's motion for summary judgment as to her claim for special equity upon distribution of the proceeds from the partition sale and awarded her entitlement to reimbursement of her attorney's fees. The amount of reasonable fees was to be determined at a subsequent evidentiary hearing. The order did not expressly reserve jurisdiction over any matter.

Before the issue was resolved, Mr. Wheeler alleged that Ms. Dovey died and subsequently filed a notice of voluntary dismissal. However, counsel for Ms. Dovey proceeded with the claim for reimbursement of attorney's fees. And after a hearing on the reasonableness of the fees, the circuit court awarded counsel $50,090.10. Mr. Wheeler raises five issues on appeal. Among them, that the circuit court erred in awarding attorney's fees absent substitution of a deceased party. For the reasons which follow, we agree.

## II.    DISCUSSION

"A plaintiff's voluntary dismissal of his or her suit generally serves to terminate the litigation and divest the trial court of jurisdiction." *Knezevich v. Serv. Fin. Co.*, 375 So. 3d 941, 942 (Fla. 2d DCA 2023) (citing *Residents for a Better Cmty. v. WCI Cmtys, Inc.*, 291 So. 3d 632, 633 (Fla. 2d DCA 2020)). However, the voluntary dismissal does not divest the trial court of the jurisdiction necessary to consider and rule upon ancillary matters. This court has recognized that even after a voluntary dismissal a "trial court may hold some degree of 'case' jurisdiction after a final decree has become final but only 'to conclude ancillary matters involved in the case such as outstanding and

2

unresolved motions for attorney's fees and costs, and similar issues.' " *Wolfe v. Newton*, 310 So. 3d 1077, 1081 (Fla. 2d DCA 2020) (citation omitted) (quoting *Tobkin v. State*, 777 So. 2d 1160, 1163 (Fla. 4th DCA 2001)); *see also Tobkin*, 777 So. 2d at 1163 ("[A] voluntary dismissal does not divest the court of jurisdiction to conclude ancillary matters involved in the case such as outstanding and unresolved motions for attorney's fees and costs, and similar issues."). "Other than ancillary matters, the trial court 'retains jurisdiction to the extent such is specifically reserved in the final judgment or as otherwise provided by statute or rule.' " *Mich Auto Sales Inc. v. 14004 NW 19th Ave., LLC*, 347 So. 3d 438, 440 (Fla. 3d DCA 2022) (quoting *Maya v. Deutsche Bank Nat'l Tr. Co.*, 264 So. 3d 1076, 1078 (Fla. 3d DCA 2019)). Therefore, while the circuit court no longer possessed jurisdiction to resolve substantive issues in this matter, it did possess the necessary residual jurisdiction to consider the pending attorney's fee motion if the request remained viable.

That brings us to the death of the party entitled to seek reimbursement of her attorney's fees—Ms. Dovey. Almost a century ago the Florida Supreme Court opined on the relationship between an attorney and his or her client: "[I]f they were so employed by her, [their employment] terminated at her death." *Brickell v. McCaskill*, 106 So. 470, 472 (Fla. 1925). Or, as stated more recently, "[t]he death of a client terminates the relationship between the attorney and client and the attorney's authority to act by virtue thereof is extinguished." *Rogers v. Concrete Scis., Inc.*, 394 So. 2d 212, 213 (Fla. 1st DCA 1981) (citing *Bec Constr. Corp. v. Gonzalez*, 383 So. 2d 1093 (Fla. 1st DCA 1980)). And "[a]bsent some recognized exception, 'the right to attorney['s] fees belongs to the client and not the lawyer." *USAA Cas. Ins. Co. v. Health Diagnostics of Fort Lauderdale, LLC*, 388 So. 3d 1064, 1070 (Fla. 3d DCA

3

2024) (quoting *Bonfiglio v. EMC Mortg. Corp.*, 935 So. 2d 561, 564 (Fla. 4th DCA 2006)). If Ms. Dovey was no longer available to assert her right to reimbursement of her attorney's fees, counsel does not have continuing authority to assert those rights on her behalf without substituting the appropriate party.[1]

Counsel for Ms. Dovey, however, argues that no substitution was required because there was no suggestion of death pursuant to Florida Rule of Civil Procedure 1.260.[2] Rule 1.260(a)(1) expressly provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, . . . shall be filed and served on all parties as provided in Florida Rule of General Practice and Judicial Administration 2.516 and upon persons not parties in the manner provided for the service of a summons.

Further, rule 1.260(a)(1) states that if a motion for substitution is not made within ninety days after a statement noting death is served, the action shall be dismissed as to the deceased party. The rule does not specify who is required to file a statement noting death.

Here, on the record before us, it does not appear that either party served a suggestion of death. However, as we interpret the rule, the absence of a suggestion of death does not mean a deceased party need not be substituted and that counsel may proceed on behalf of a deceased client. Rather, if a statement noting death is never served, failure to

---

[1] "An attorney's right to recover against their client is a separate issue, which can be pursued either via a charging lien or an independent action on the contract with their client." *Morales v. Morales*, 388 So. 3d 901, 903 (Fla. 3d DCA 2024).

[2] We remind members of our Bar that a duty of candor exists to the courts. *See* R. Regulating Fla. Bar 4–3.3(a)(1).

4

move to substitute the proper party within ninety days could not be the basis for dismissal pursuant to rule 1.260(a)(1) because the ninety-day time limit provided by the rule is not triggered.

### III.    CONCLUSION

We reverse the circuit court's award because upon the death of Ms. Dovey, there was no longer a proper party having entitlement to the award of attorney's fees before the court.  Counsel for the late Ms. Dovey was not entitled to prosecute the issue in her name as counsel's contract of employment had expired.

Reversed and remanded for further proceedings consistent with this opinion.

NORTHCUTT and LaROSE, JJ., Concur.

_____

Opinion subject to revision prior to official publication.